### Houston & Texas Central Railway Company
### v. Cleveland Rutherford.

#### No. 1004. Decided May 16, 1901.

**1. Practice in Supreme Court—Errors Waived.**

Where specific objections to a charge complained of were urged in the briefs on appeal, an objection thereto not so presented before the Court of Civil Appeals will not be considered on writ of error. (Pp. 521, 522.)

**2. Railway—Ejecting Trespasser—Servant—Authority—Pleading.**

An allegation that a brakeman of defendant railway acted within the scope of his authority in attempting to expel plaintiff from its train is sufficient to admit evidence of a custom of conductors, known to its general officers, to delegate such authority to brakemen in spite of written instructions to the contrary on which defendant relied to disprove such authority. (P. 522.)

**3. Rule of Railway—Disregard—Waiver—Act of Servant.**

Proof of toleration of a general custom of employes to disregard a published rule of the railway was sufficient to show its waiver, though the particular employe whose act was in question was not shown to have been permitted or instructed to disregard it. (P. 522.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

Cleveland Rutherford, by next friend, sued the railway company on account of personal injury and recovered judgment, which was affirmed on defendant's appeal. Appellant then obtained writ of error.

*Frost, Neblett & Blanding,* for plaintiff in error.—The Court of Civil Appeals erred in holding that notwithstanding the rule of plaintiff in error promulgated to its employes in charge of its trains prohibiting brakemen from exercising authority to eject trespassers from its train, except under the immediate instruction of the conductor in charge of the train, and then only when the train is standing, such rule was habitually and openly violated by brakemen on freight trains, and that this "habit or custom on the part of brakemen was known

to the superior officers of the company having authority in such matters." Randall v. Railway, 3 Am. Neg. Rep., 679; Hartington v. Railway, 71 N. W. Rep., 452.

The Court of Civil Appeals erred in holding that the following charge given to the jury by the trial court was not reversible error: "The plaintiff was a trespasser on the train, and was there unlawfully; yet, if anyone made a violent assault upon him, such assault was not justified by the mere fact that plaintiff was unlawfully upon the train."

The Court of Civil Appeals erred in refusing to sustain the seventh and eighth assignments of error complaining of the eleventh and twelfth paragraphs of the general charge of the trial court, and in holding there was no error in the charge as given.

The Court of Civil Appeals erred in holding that the trial court committed no error in refusing special charge number 3, requested by defendant, and refused by the trial court, which special charge number 3, so requested, is as follows: "The defendant requests the court to instruct the jury that no secret or private habit or custom of brakeman on defendant's freight trains, if such is found to exist, of ejecting trespassers from trains without instructions of the conductor in each instance, would be of any effect towards enlarging the scope of the authority of such brakeman beyond the direction and authority conferred by the rules of the company, as declared by the bulletins of its managing officers as promulgated by them." Railway v. Neff, 87 Texas, 307; Railway v. Stewart, 37 S. W. Rep., 771; Railway v. McGlamory, 35 S. W. Rep., 1059.

The Court of Civil Appeals erred in holding that there was no error on the part of the trial court in refusing to give special charges numbers 4 and 5, requested by plaintiff in error, to the effect that it could not be inferred that any general authority was vested in the brakemen on appellant's trains to eject trespassers from the fact that the brakeman is under the direction and control of the conductor; and also to the effect that the implied authority of a brakeman on a railway train is to attend to the brakes of the train, and the jury can not infer that he has any control over the train, or any car of the train, and that consequently he had no implied authority to eject trespassers from the train. Railway v. Cooper, 88 Texas, 608; Railway v. Mother, 24 S. W. Rep., 80; Railway v. Anderson, 82 Texas, 516.

The Court of Civil Appeals erred in holding that the brakeman who inflicted the injury on defendant in error was acting within the scope of his authority and in the furtherance of his employer's business, because the evidence shows that the railroad company, plaintiff in error, had issued orders or bulletins, hereinbefore enumerated, prohibiting brakemen from ejecting trespassers from trains, either standing or moving; and the proof shows that this rule was read to the brakeman involved in this case by the conductor under whose direction and control he was acting, and there was no proof that this brakeman or any brakeman working on this particular train had ever violated the rule

from the time of its issuance to the time in question. , Francis v. Railway, 19 S. W. Rep., 937. It must be shown if the rule was violated by brakemen that the superintendent acquiesced in the usage or custom; that no attempt is made to enforce the rule. Railway v. Leighty, 32 S. W. Rep., 800.

The Court of Civil Appeals erred in holding that no error was committed by the trial court in the seventh paragraph of the general charge to the jury: "If you believe from the evidence that the custom with the conductors of defendant's train has been for years to delegate to brakemen authority to eject trespassers without first reporting to them the presence of the trespassers, and that defendant's general officers knew of such custom, and retained such conductors and brakemen in its employment, you may assume that such printed instructions have been waived by defendant, and that such construction and practice of its rule have been acquiesced in by the defendant;" and, "If you find * * * that defendant acquiesced in the exercise of such power [the removal of trespassers by brakemen], then the power to remove trespassers was within the general scope of the authority and duty of such brakeman."

*Callicut & Call* and *Finley, Etheridge & Knight*, for defendant in error.—It is alleged in the seventh specification of error in the application made to this court for a writ of error, that the charge was erroneous in that it was a charge upon the weight of the evidence. It is sufficient to say in answer to this proposition that it was not urged before the Court of Civil Appeals. As before stated, the third and fourth assignments of error directed at the sixth and seventh paragraphs of the charge of the court were grouped and presented together in the brief of plaintiff in error, and there was presented but one legal proposition under the two assignments thus grouped. That proposition is simply to the effect that the two paragraphs of the charge did not conform to the pleadings and evidence and present a phase of the case different from that presented by the pleadings and the evidence.

The Court of Civil Appeals did not consider the question of the charge being upon the weight of the evidence, inasmuch as no such legal proposition was urged before it. It was urged in the motion for rehearing filed in that court, but inasmuch as it was not contained in the brief on file, the court properly refused to consider it.

We respectfully submit that the seventh specification of error contained in the application for a writ of error, and upon which this court acted in granting the writ, is not a proper matter for consideration, and that in any event the one objection to the charge of the court which might appear to have some merit in it has been waived, and is therefore not before this court for consideration.

WILLIAMS, Associate Justice.—According to the facts found by the Court of Civil Appeals, defendant in error, a boy 15 years of age,

while swinging from a car in a moving freight train of plaintiff in error, was assaulted and struck by a brakeman upon the train. He recovered the judgment from which this writ of error is prosecuted for the injury thus inflicted. The principal question in the case is whether or not plaintiff in error is responsible for the act of its brakeman, and the decision of it depends upon the answer to the inquiry whether or not such act was within the scope of the brakeman's authority. The boy was a trespasser on the train, in company with other boys who had persisted in getting upon it in spite of the efforts of trainmen to keep them off, and the facts are such as to justify the conclusion that the assault, if committed, was made for the purpose of making Rutherford leave the car. The transaction occurred in March, 1899.

There was evidence tending to show that the rules of the company in force for many years previous made it the duty of conductors alone to eject trespassers from trains and forbade brakeman to do so except as assistants to and under the supervision of their conductors, when ordered by the latter.

On May 8, 1897, May 29, 1897, and February 7, 1898, circulars were issued by proper authority to conductors, stating that many suits were being filed against the company for alleged forcible ejection of plaintiffs from trains, and instructing that no members of a crew, except the conductor, had authority, by word or act, to eject any person found riding upon such a train, and giving to conductors minute directions how to proceed in expelling trespassers, authorizing them to call upon brakemen to assist in doing so, and instructing that brakemen, discovering persons wrongfully on a train, should, while the train was standing, request them to leave it, and, upon their refusal to do so, report such facts to the conductor, but forbidding them, under any circumstances, to eject persons by threats or personal violence, and forbidding any employe to request or force any person to leave the train while in motion, and requiring conductors to make all employes under their control acquainted with the contents of such circulars. There was evidence, also, that similar instructions had been issued from time to time before the dates given.

The effort of plaintiff was to show authority in brakemen to eject trespassers, notwithstanding these rules, by proving their habit of doing so with the knowledge and acquiescence of the officers of the company. Upon this issue, the seventh paragraph of the charge to the jury was as follows: "7. If you believe from the evidence that the custom with the conductors of defendant's trains has been for years to delegate to brakemen authority to eject trespassers without first reporting to them the presence of the trespassers and that defendant's general officers knew of such custom and retained such conductors and brakemen in its employment, you may assume that such printed instructions have been waived by defendant and that such constructions and practice of its rule have been acquiesced in and approved by the defendant." The writ of error was granted upon the

ground therein stated that this instruction was upon the weight of evidence. Upon an examination of the briefs filed in the Court of Civil Appeals, we find that this point was not presented either in the assignment of error based upon the seventh paragraph or by any proposition under it. As specific objections were made to the instruction in the briefs, those not so specified were waived, and this court can only review the action of the Court of Civil Appeals upon the points properly presented to it. The objections there urged to the charge were, first, that there was no allegation in the petition of such a custom as that referred to in the charge; second, that there was no evidence that any conductor delegated to brakemen authority to eject trespassers contrary to the published rules; third, that there was no evidence that any such custom was known to the officers of the company, or that conductors and brakemen, after having practiced such custom, were kept in the service by such officers with knowledge of such practice; fourth, that there was no evidence of the existence of any of such facts since May 8, 1897, the date of the first specific rule in evidence; fifth, there was no evidence that the conductor on the train from which plaintiff was ejected ever delegated to the brakeman authority to eject trespassers.

In reference to the first objection, it is enough to say that the petition alleged that the brakeman was authorized to eject trespassers and acted within the scope of his authority in attempting to expel plaintiff, and that the evidence referred to in the charge was admissible upon the issue thus raised. Such evidence might go to the extent of proving that the rules were mere pretexts and that in practice brakemen were in fact empowered by defendant to exercise such authority as that in question.

There was direct evidence that it was the custom and practice of conductors to delegate to brakemen the authority to eject trespassers, and that the rule and custom was for brakemen to exercise such powers both before and since the issuance of the orders in evidence, and that the superintendent and officers of the company knew of it; and there was circumstantial evidence from which the jury could have inferred that such employes were retained in the service after such officers knew of such practice. This meets the second, third, and fourth objections.

The fifth objection does not apply to the charge under consideration, which has no reference to the fact of authority specially delegated to the brakeman whose act was under investigation, but refers to the authority intrusted to brakemen generally. If such power could be found to be vested in brakemen generally, it would be immaterial that it was not specially given to this one.

We thus reach the conclusion that none of the objections to the charge presented in the Court of Civil Appeals are well founded. It will be observed that such objections do not question its accuracy as a legal proposition or complain that it is upon the weight of evidence,

and hence, in disposing of the case, we are not to be understood as approving it. This was the only ground stated in the application which this court, in acting upon it, thought showed error in the judgment, and it is unnecessary to discuss the others.

*Affirmed.*