**WOMACK, County Treasurer, et al. v. CARSON et al.**

No. 2128.

Court of Civil Appeals of Texas. Beaumont.
April 18, 1931.

Rehearing Denied May 6, 1931.

A. W. Morris, of Conroe, for appellants.

W. N. Foster, of Conroe, Ed R. Campbell, of Houston, and A. A. Turner, of Conroe, for appellees.

HIGHTOWER, C. J.

This appeal, which is from an order granting a temporary writ of injunction to the appellees, is based on the following facts: On January 24, 1931, the appellees, A. M. Carson, A. M. Madeley, and J. W. Coleman, as taxpaying citizens of Montgomery county, presented to Hon. S. A. McCall, judge of the Ninth judicial district of Texas, a petition praying for a temporary writ of injunction enjoining Mrs. Ollie Womack, county treasurer of Montgomery county, from paying to O. Etheridge, Leslie Doughtie, U. E. Allen, P. W. Davis, and G. C. Mostyn the amount of certain warrants that had been ordered issued by the commissioners' court of Montgomery county in their favor, which warrants, it was alleged in the petition, had been presented by the holders thereof to the county treasurer and had been registered by her as valid claims against Montgomery county. It was alleged that all the warrants, the payment of which was sought to be enjoined, were without validity and void, for the reason that they were unauthorized by law, but that nevertheless they would be honored and paid by the county treasurer, unless payment thereof was enjoined, etc. Upon presentation of the petition to him, Hon. S. A. McCall granted the temporary writ of injunction, as prayed for, without notice to the holders of the warrants involved and without a hearing other than the facts stated in the petition for the writ, and from that order this appeal was prosecuted.

The aggregate amount of the warrants issued to Etheridge was $3,218.80, and the ag-

gregate amount of the warrants issued to the other defendants was $6,575. The petition and prayer for the writ shows upon its face that the warrants issued to Etheridge were for the purpose of compensating him for publishing, under order of the commissioners' court of Montgomery county, the delinquent tax list of that county (Etheridge being the owner and proprietor and publisher of the Conroe Courier, a newspaper published weekly in Montgomery county), showing all delinquent taxpayers in that county since the last publication of the delinquent list had been made. It was alleged in the petition as grounds for the writ of injunction as against Etheridge that the contract made with him as owner of the Conroe Courier by the commissioners' court of Montgomery county was unauthorized and void, for the reason that competitive bids for the work had not been asked for by the commissioners' court, and that, therefore, the contract awarding the work to him by the commissioners' court was unauthorized and expressly forbidden by article 2368, R. C. S. 1925. Article 2368 provides that no commissioners' court in this state shall make a contract calling for or requiring the expenditure or payment of $2,000 or more out of any county fund or funds of any county or subdivision of any county, without first submitting such proposed contract to competitive bids, with certain exceptions mentioned in. the article. The article also expressly provides that any contract made by the commissioners' court without compliance therewith shall be null and void and unforceable in any court in this state.

Now it is the contention of counsel for appellees here that article 2368 governed the contract made by the commissioners' court of Montgomery county with Etheridge as owner of the Conroe Courier for the publication of the delinquent tax list of that county. And, if that contention is correct, we would be compelled to hold that the temporary writ of injunction enjoining the county treasurer from paying the warrants issued in favor of Etheridge was properly granted, but, as article 2368 has no application to that contract, then the temporary writ of injunction as against the payment of the Etheridge warrants was improperly granted, and should be dissolved.

 It is the contention of appellant Etheridge that article 2368 has no application to the contract made by him with the commissioners' court of Montgomery county for the publication of the delinquent tax list of that county, but that, on the contrary, his contract with the commissioners' court of Montgomery county and the work done by him as publisher of the Conroe Courier was and is governed by article 7323, R. C. S. 1925. We sustain this contention of appellant Etheridge, and hold that article 2368

has no application to the contract made with Etheridge by the commissioners' court of Montgomery county for the work done by him in publishing the delinquent tax list of that county, but that the contract was governed and controlled wholly by article 7323. If, however, we be mistaken in this, still we conclude that the temporary writ of injunction enjoining the payment of the Etheridge warrants was improperly granted, for the reason that the petition for the writ as against Etheridge shows upon its face that Etheridge complied fully with his part of the contract for the publication of the delinquent tax list of Montgomery county, and that the county received and accepted the full benefit of his work and labor in publishing the delinquent tax list, and it was nowhere alleged in the petition that Etheridge was not entitled, as upon quantum meruit, to the full amount of the warrants that were issued in his favor. This being so, Montgomery county cannot, in good conscience, be permitted to dispute the claim of Etheridge for work and labor admittedly performed by him under a contract with its commissioners' court, though irregularly made.

The rule seems to be well settled in this state that, when a county has received the benefit of a contract which it had power to make, but which was not legally entered into, it may be compelled to do justice and to pay the consideration, or at least to pay for what it has received under the contract. In such cases it is said the law will imply a contract. City of San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763; Boydston v. Rockwall County, 86 Tex. 234, 24 S. W. 272; Gallup v. Liberty County, 57 Tex. Civ. App. 175, 122 S. W. 291; Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841, 844; Payne et al. v. Bank (Tex. Com. App.) 291 S. W. 209. The rule was tersely stated in the Sluder Case, supra, as follows: "The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another. Under such circumstances, the plainest principles of justice require that it should not be permitted to receive and retain the benefits of a contract without paying the reasonable value thereof. This principle is, we think, supported by the great weight of authority." See, also, the very recent case of West Audit Co. v. Yoakum County (Tex. Com. App.) 35 S.W.(2d) 404.

Therefore, since it is made clearly to appear from the petition for the writ of injunction in this case as against Etheridge that the contract made with him for the publication of the delinquent tax list was one that the county was authorized, through its commissioners' court, to make, and since the petition clearly shows that the contract

was fully complied with by Etheridge, and that Montgomery county received and got the benefit of the work done by Etheridge called for by the contract, and since it does not appear from the petition that the amount awarded Etheridge for the work was unreasonable or that he was not entitled to the amount of the warrants as upon quantum meruit, the writ of injunction ought not to have been granted as against Etheridge, and to that extent the order of the district judge must be reversed, and the writ of injunction dissolved.

The warrants held by the appellees Doughtie, Allen, Davis, and Mostyn were issued to them as "back salary" payments as members of the commissioners' court of Montgomery county, two of them having gone out of office and two of them remaining in office at the time the temporary writ of injunction in this case was sought. These warrants were issued by the county clerk of Montgomery county, acting under orders of the commissioners' court of the county, and by the holders thereof were presented to the county treasurer of the county, and were duly registered by that officer. The orders of the commissioners' court authorizing these "back salary" payments show upon their face that the commissioners' court, in ordering these "back salary" payments, were acting, and claiming authority to act, under article 2350b, R. C. S. 1925.

▮ It is the contention of counsel for appellees that article 2350b is invalid and affords no authority to the commissioners' court of Montgomery county to order the payment of these claimed back salaries, and that, therefore, these warrants were null and void, and their payment was properly temporarily enjoined in this cause. It is contended by counsel for appellees that this act was and is void because it is a local or special law passed in violation of section 56, article 3, of the Constitution of Texas, and because it attempts to regulate the affairs of counties. Article 2350b provides as follows:

"Each county commissioner in counties having a population of not less than 17,000 according to the United States census of 1920, and which have an area of not less than 1060 square miles, nor more than 1200 square miles and which have assessed property valuations of not less than $10,000,000 and which do not contain a town or city of 7,500 population or more, may receive a salary of eighteen hundred ($1,800.00) dollars per annum, payable in twelve equal monthly installments, as compensation for their services rendered, of whatever nature, either in connection with the roads of the county, or in connection with other county business. The amount of salary to be received by commissioners in counties classed as herein set out, shall be fixed by an order of the commissioners' court passed at a regular term of

such court, and entered upon its minutes; provided that nothing herein shall effect or apply to the counties of Grimes, Houston, Leon, Madison, Montgomery, Polk, San Jacinto, Trinity and Walker in said State."

A mere reading of this article discloses at once that a classification of the counties of this state is made based upon population, area, and assessed property valuation. The article then provides that the act shall not affect or apply to a certain group of nine counties, including the county of Montgomery (all these counties being within the fifth senatorial district).

It is the contention of learned counsel for appellants that Montgomery county, according to the act, falls within the classification prescribed by the act, but that the provision eliminating that county from its terms is invalid, and that therefore the body of the act is applicable to Montgomery county and the other counties named in the exception. To this counsel for appellees make the broad counter proposition that the entire act is void because the Legislature had no power to enact a local and special law, which they say this statute is, and that, when the Legislature created a class and decreed regulations for the counties embraced in that class, and then excluded by name counties embraced within the classification, the result was the enactment of a local or special law, and that therefore the Legislature, in attempting to exclude Montgomery county and the other counties from the operation of the act, rendered invalid the entire act, and not merely the portion of the act covered by the proviso. With this contention and counter proposition we agree. We cannot escape the conclusion that this act was what is usually called, in legal parlance, special or local legislation, and no other authority is needed to sustain this counter proposition than the case of Hall v. Bell County (Tex. Civ. App.) 138 S. W. 178. The opinion in that case was written by the lamented Judge Key of the Austin Court of Civil Appeals, with great care after much investigation, and his opinion was expressly approved by our Supreme Court, speaking through Chief Justice Phillips, in Bell County v. Hall, 105 Tex. 558, 153 S. W. 121.

It is true that the controversy in the Hall-Bell County Case arose over a different state of facts, but the reasoning underlying the conclusion reached in that case is applicable and controlling in this case. Therefore we have concluded that the temporary writ of injunction in this case was properly granted in so far as it enjoined the payment of the warrants, or any of them, held by the appellants other than the appellant Etheridge. In other words, we hold that the "back salary" warrants issued in favor of appellants other than Etheridge by order of the commissioners' court of Montgomery

county, under authority of article 2350b, R. S. 1925, were issued without authority of any valid law, and that therefore the holders thereof are not entitled to collect them out of the funds of Montgomery county; and we therefore affirm the order of Hon. S. A. McCall granting the temporary writ of injunction in so far as it enjoins the payment of these so-called back salary warrants, and upon final hearing of that part of the case the trial court will be governed by these views.

There is no necessity, nor would any useful purpose be served, by discussion of any other point presented on this appeal, and we therefore decline to carry this opinion to greater length.

The order and judgment appealed from is in part reversed, as before stated, and the temporary writ of injunction in that connection dissolved and set aside, and in part the order is affirmed, as just indicated.