MRS. OLLIE WOMACK, TREASURER, ET AL. V.
A. M. CARSON ET AL.

No. 6034.   Decided November 28, 1933
Motion for rehearing overruled January 24, 1934.
Motion for leave to file second motion for rehearing overruled April 18, 1934
(65 S. W., 2d Series, 485; 70 S. W., 2d Series, 416.)

*Morris & McComb* and *Sewell, Taylor, Morris & Garwood,* of Houston, for plaintiff in error.

The Court of Civil Appeals erred in holding Article 2350-b invalid because, under a universal principle of construction, the courts will so construe a statute as valid where a part only of the statute is unconstitutional and therefore void, unless all of the provisions are so connected in subject matter, and so dependent on each other, or otherwise so connected together in meaning that it cannot be presumed that the Legislature would have passed the one without the other. White v. Maverick County Water & Imp. Dist., 26 S. W. (2d) 659; Zwernemann v. Von Rosenberg, 76 Texas, 522, 13 S. W., 485; Lytle et al. v. Halff et al., 75 Texas, 128, 12 S. W., 610; Ely Paso Electric Co. v. Collins et ux., 23 S. W. (2d) 295.

The Court of Civil Appeals erred in holding article 2350-b invalid, because by construing this act together with the other acts dealing with the same subject enacted at the same session of the Legislature it is clearly manifest that the sole and only purpose of the Legislature was to fix the salaries of the county commissioners in the counties embraced within the classification established by this act, and this act being susceptible of a construction which would give full force and effect to such intention of the Legislature, it is the duty of the court to uphold the statute in so far as it can be done by carrying into effect the unquestionable intention of the Legislature and by eliminating the illegal portion of same, which can be done in this instance and leave in effect a valid statute making effective the intention of the Legislature. Southern P. Ry. Co. v. Sorey, 104 Texas, 476; McGrady v. Terrell, 98 Texas, 427, 84 S. W., 641; O'Keefe v. Hudspeth County et al., 25 S. W. (2d) 625; Austin v. Gulf, C. & S. F. R. R. Co., 45 Texas, 234; Lovett v. Simmons, 29 S. W. (2d) 1021.

The Court of Civil Appeals erred in holding that the effect of the proviso found in Article 2350-b of the Revised Statutes of Texas, 1925, was to render the entire act void, is erroneous, because such proviso of the act should be considered as applying only to the next preceding attached clause or sentence. Aaron v. United States, 204 Fed., 943; Fenet et al v. McCuistion et al., 105 Texas, 299, 147 S. W., 867; Clay Center State Bank v. McKelvie, 19 Fed. (2d) 308; State of Texas v. Moore, 57 Texas, 307.

*E. R. Campbell*, of Houston, and *Foster, Williams & Nicholson*, of Conroe, for defendants in error.

Article 2350b, while having the form and superficial appearance of being a *general law*, is in fact a *special* and *local* law, in that the counties of this State which have an area of not less than 1,060 square miles, and not more than 1,200 square miles, which did not have a population of 17,000 or more, ACCORDING TO THE UNITED STATES CENSUS OF 1920, can never come within, and be applicable to, said statute, irrespective as to how the population may have grown, after 1920; and therefore is in violation of Section 56, Article 3, of the Constitution of Texas. City of Fort Worth v. Bobbitt, Atty. Genl., 121 Texas, 14, 36 S. W. (2d) 470; Smith v. State, 120 Texas Crim. Rep., 431, 49 S. W. (2d) 732.

If it be assumed that the provisions of the first portion of the statute under consideration, applied to the nine counties which were exempted in the last portion thereof, and if it be found that said statute was not unconstitutional, for the reasons submitted by the Court of Civil Appeals, and/or as submitted by us in the previous counter proposition, and if it be claimed that such exemption was invalid when enacted, because not embraced in the caption, then such exemption became *valid* when the Legislature revised the statutes of this State in 1925, and adopted the codifications made by the codifiers, and it therefore follows that the provisions of the Article has no application to Montgomery County. Constitution of Texas, Article 3, Section 43; Revised Statutes of 1925, Final Title, Sections 22 and 24; American Indemnity Company v. City of Austin, 112 Texas, 239, 246 S. W., 1019; Commercial Standard Ins. Co. v. Moody, 114 Texas, 457, 270 S. W., 1011; Ex parte Ferguson, 112 Texas Crim. Rep., 152, 15 S. W. (2d) 650; Prideaux v. Roark, (Com. App.), 291 S. W., 870.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

On January 24, 1931, A. M. Carson, A. M. Madeley, and J. W. Coleman, tax paying citizens of Montgomery County, presented their petition to the Hon. S. A. McCall, Judge of the 9th Judicial District, praying for a temporary writ of injunction restraining Mrs. Ollie Womack, as treasurer of said County, and her successors in office, from paying certain warrants theretofore issued by order of the Commissioners Court, and that upon final hearing the injunction be perpetuated and said warrants be cancelled.

The defendants named in said petition were, in addition to said treasurer, Leslie Doughty and U. S. Allen, then and for several years prior thereto, County Commissioners, and P. W. Davis and G. C. Mostyn, who were County Commissioners during the years 1929 and 1930, also O. Etheridge, owner and publisher of a weekly newspaper in said county, called the "Conroe Courier."

It was averred that on September 8, 1930, the Commissioners Court passed an order authorizing the Conroe Courier to publish the delinquent tax rolls from the last publication of same, at the statutory fees, which was done, at a cost in excess of $2000.00, and aggregating $3218.80; that no competitive bids were called for, although there were being published in the county, at that time, and since, two weekly newspapers in which said notice could have been published. That under Art. 2368, Rev. Stat., 1925, the Commissioners Court had no authority to make such a contract requiring the expenditure of $2000.00 or more, without first submitting the same to competitive bids and then awarding it to the lowest and best responsible bidder, who is required under said statute to give good and sufficient bond in the full amount of the contract price, executed by a surety company authorized to do business in this state. Said statute provides that any contract, made by the Commissioners Court without complying with its provisions, shall be void and not enforceable in any court of this State, and the performance of same, and the payment of any money thereunder, may be enjoined by any citizen of the county.

It was further averred that the Commissioners Court, in special session, on or about December 30, 1930, passed two orders, one adjusting salaries of the Commissioners for the years 1929 and 1930 on a basis of $1800.00 per year, they having drawn only the sum of $1500.00 for said years, and directing issuance of warrants to each for the sum of $600.00 covering such alleged shortage, and the other adjusting such salaries for the years 1925 to 1928, inclusive, on the basis of $1800.00 per year instead of $1500.00 per year drawn, and directing issuance of warrants to each Commissioner, for said years, at the rate of $300.00 per year.

The total amount of said claims allowed to Commissioners under said two orders was $6075.00.

It was averred that all said warrants had been issued, registered by the Treasurer, and would be paid in due order by her, unless restrained.

It is recited in one of said orders that by virtue of House Bill No. 523, Chap. 118 of the General Laws (Regular Session),

39th Legislature, said salaries were fixed at $1800.00 per year for each Commissioner; plaintiffs below, allege in this connection, that Montgomery County is exempt from its operations and furthermore, its provisions require that such action fixing said salaries must be had at a regular, and not a special, term of the Commissioners Court.

The District Judge, on consideration of the petition and on the day of its filing, directed issuance of a writ of injunction in all things, as prayed for, and fixed bond in the sum of $500.00, which was given and approved the same day.

On application of the County Attorney, leave was given Montgomery County to intervene and at the same time (January 31, 1931), Montgomery County filed her plea in intervention as a party plaintiff, joining with the original plaintiffs, adopted their original petition, makes the same allegations of fact and of law and prays the same relief.

On the twentieth day after the granting of the temporary injunction, to-wit: February 13, 1931, transcript containing the original petition, judge's order and appeal bond, was filed with the Clerk of the Court of Civil Appeals. This transcript was afterwards (February 26, 1931), corrected and supplemented by adding thereto certified copies of the original writ of injunction served on the County Treasurer, the county's petition in intervention, and the order of leave therefor.

With the transcript was filed an appeal bond executed by Etheridge, Doughty and Allen as principals and two sureties, approved by the District Clerk. It was not executed by Mrs. Womack, County Treasurer, nor by Davis and Mostyn, original defendants, and was payable to "the officers of the court" and not to the appellees, as required by Art. 2265, Rev. Stat., 1925.

Motion to dismiss the appeal having been made, the Court of Civil Appeals granted appellants leave to amend said appeal bond (Art. 1840, Rev. Stat., 1925), and on February 26, 1931, a new bond payable to the plaintiffs below (appellees) signed by all the originally named defendants below, as principals, and two sureties, was filed with the Clerk of the Court of Civil Appeals.

The Court of Civil Appeals held that the contract with Etheridge was governed by Art. 7323, Rev. Stat., 1925, that Art. 2368 has no application thereto, and reversed so much of the order as granted temporary injunction restraining payment of the warrants issued to Etheridge, but affirmed so much of said order as pertained to the warrants issued to the other parties (past and present County Commissioners) for the increased salary. 38 S. W. (2d) 184.

*First:* Defendants in error have filed motion to dismiss the appeal on the ground, *1st,* that the temporary injunction was against only Mrs. Womack as treasurer of Montgomery County, and she failed or refused to join in or sign the original appeal bond, which was filed within twenty days from the issuance of the temporary injunction, and therefore was not a party to the appeal, and because the same was not made payable to the appellees, as required by statute, but only to "the officers of the court"; and *2d,* because a second or amended appeal bond in which the treasurer and all her co-defendants named in the original petition, did join, was filed on February 26, 1931, which was after the requisite statutory period within which the appeal could be perfected, and the treasurer therefore did not become a party to such appeal until that time, which was too late. Said second bond is also attacked because, not unconditionally approved by the District Clerk, such approval reading as follows: "And I further certify that if this bond had been presented to me on February 13, 1931, I would have approved the same."

Said motion to dismiss the appeal is overruled.

■ Any party to a civil suit wherein a temporary injunction may be granted, may appeal from such order by filing the transcript in such case with the clerk of the appellate court not later than twenty days after the entry of record of such order or judgment. Art. 4662, Rev. Stat., 1925. The fiat of the judge is such an "entry of record." Ex parte Dick Rains, 113 Texas, 428, 257 S. W., 217. The transcript was filed with the Clerk of the Court of Civil Appeals, on the twentieth day after the judge's fiat was endorsed on the petition, by three defendants, parties to the suit, and therefore in compliance with the statute.

At the same time, the first appeal bond had been filed and was included in the transcript; this bond was clearly defective, not being payable to the appellees, but only to "the officers of the Court." Art. 2265, Rev. Stat., 1925. However, the Court of Civil Appeals, by authority of Art. 1840, Rev. Stat., 1925 (motion to dismiss the appeal because of the defective bond having been made), authorized the filing of a new appeal bond, which was sufficient. The jurisdiction of the appellate court attached by reason of the first bond, though it was defective in substantial particulars (Williams v. Wiley, 96 Texas, 148; Bauer v. Crow, 171 S. W., 296) and when the new bond was filed in the appellate court, all requirements of the statute were met.

■ Whether the new bond was or was not approved by the district clerk is immaterial. While an original bond must be approved by him (3 Tex. Jur., 342), the new bond must be filed in the Court of Civil Appeals and approved in that court. 3 Tex. Jur., 346. It is not essential that the new bond be filed within the time prescribed by law for the filing of an appeal bond, inasmuch as the filing of a defective bond is sufficient to carry the appeal. Eaton v. Klein, 141 S. W., 828.

It appears that the Court of Civil Appeals granted leave to file the amended or new bond, the same was filed by the Clerk of that Court, and that Court considered the cause in the light of a sufficient bond having been made and passed upon the merits of the appeal.

We therefore hold that the new bond was approved by the appellate court, and the statute satisfied.

■ *Second:* No motion for rehearing in that Court was filed, complaining of the action of the Court of Civil Appeals with reference to the warrants issued to O. Etheridge, as publisher of the Conroe Courier, the temporary injunction as to such warrants having been dissolved by the Court of Civil Appeals. No application to the Supreme Court for writ of error on that subject has been filed, and therefore, it is not reviewed or considered in this opinion. Art. 1739, Rev. Stat., 1925; Ft. Worth & R. G. Ry. Co. v. Robertson, 103 Texas, 504, 131 S. W., 400; Houston & T. C. Ry. Co. v. Rutherford, 94 Texas, 518, 62 S. W., 1056; Van Order v. Pitts (Com. App.), 206 S. W., 830.

■ *Third:* Plaintiff in error (County Commissioners) justify their contention for salary at the rate of $1800.00 per annum, by the proposition that so much of Chap. 118, Acts 39th Leg. (1925, p. 302), as fixed such salaries at that rate, is valid, but so much of said Act as required such rate of salary to be fixed at a regular term of the Commissioners Court, and as exempted Montgomery and other counties therein named, from its operation, is invalid because not within the caption of the bill, and therefore the body of the Act is applicable to Montgomery County and the other counties named in the exception.

Said act (House Bill No. 523), omitting emergency clause, reads as follows:

"An Act fixing the compensation of county commissioners in counties having a population of not less than 17,000, according to the United States census 1920, and which have an area of not less than 1060 square miles nor more than 1200 square miles, and which assessed valuation of not less than $10,000,000

and which do not contain a city or town of more than 7,500 and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1. Hereafter each county commissioner in counties having a population of not less than 17,000 according to the United States census of 1920 and which have an area of not less than 1060 square miles, nor more than 1200 square miles and which have assessed property valuations of not less than $10,000,000 and which do not contain a town or city of 7,500 population or more, may receive a salary of eighteen hundred ($1,800.00) dollars per annum, payable in twelve equal monthly installments, as compensation for their services rendered, of whatever nature, either in connection with the roads of the county, or in connection with other county business. The amount of salary to be received by commissioners in counties classed herein set out, shall be fixed by an order of the commissioners' court by an order passed at a regular term of such court, and entered upon its minutes; provided that nothing herein shall affect or apply to the counties of Grimes, Houston, Leon, Madison, Montgomery, Polk, San Jacinto, Trinity and Walker in said state."

"SECTION 2. (Emergency Clause).

"Approved March 26, 1925.

"Effective March 26, 1925."

In reply to such contention of plaintiffs in error, it is argued that the inclusion of the body of said act into the published Revised Civil Statutes of 1925, as Art. 2350b, removed that objection, and said article became a new enactment as part of the Revised Civil Statutes, requiring no special caption.

The Act adopting the Revised Civil Statutes is known as Senate Bill No. 84, was passed by the Legislature on March 19, 1925, and approved by the Governor, on April 1, 1925. This act does not include Art. 2350b, and therefore there can be no merit to that contention.

To provide for the printing, sale and distribution of said Revised Statutes, the Legislature enacted Chap. 104, Acts 39th Leg. (Senate Bill No. 382), which permitted the Secretary of State, Board of Control and a Supervisor to be appointed by the Governor, as a Board of Supervision, to omit from such publication, any article in the revision expressly repealed at such 39th session, and to insert any amended articles in lieu of the original, also when any article of the Revision may be modified by an act of the Legislature, but the same is not amended or re-enacted, to retain the same, and insert immediately thereafter, the act modifying the same.

It was in that manner that Art. 2350b, found its way into the statutes as published, but it was never a part of the Revised Civil Statutes of 1925, as adopted by the Legislature and signed by the Governor.

■ Defendants in error make the further contention that the entire Act is void, as a local and special law, which the Legislature had no power to enact. This contention is sustained by the Court of Civil Appeals, and to this we agree on the authority of City of Fort Worth v. Bobbitt, 121 Texas, 14, 36 S. W. (2d) 470, (opinion by Judge Critz of the Commission of Appeals, approved by the Supreme Court), and Smith v. State, 120 Texas Crim. Rep., 431, 49 S. W. (2d) 739, (opinion by Judge Christian, Commissioner, approved by the Court of Criminal Appeals).

In the present case, plaintiffs in error state that Montgomery County is the only county named in the Act, which at the time of its passage, had the requisite population, area and valuation, and Leon County can come within the classification when its valuations amount to $10,000,000.00 or more, but the fact remains that the basis of population is fixed by the Act as shown by the United States census of 1920, and can never apply to any other basis of population in any possible event, is not based on classification but on isolation, and is therefore unconstitutional and void. City of Fort Worth v. Bobbitt, supra.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.

C. M. CURETON, Chief Justice.

ON MOTION FOR LEAVE TO FILE SECOND MOTION
FOR REHEARING.

Plaintiffs in error ask leave to file second motion for rehearing, insisting that we disposed of this case adversely to them "through inadvertence and mistake in three respects, viz: (1) In that the plaintiffs in error have never stated that Montgomery County is the only county named in the body of the act which at the time of its passage had the requisite population, area and valuation; (2) In that the facts are that the act in question is, in substance, but a part of a general act covering all the counties of the State; (3) In that the facts are that at least six widely scattered counties fall within the classification

provided in the act in question at the time of its passage as was conceded by the defendants in error in this cause."

Plaintiffs in error say further:

"These matters were called to the attention of the court in the motion for rehearing duly filed in this cause by plaintiffs in error subsequently to the rendering of the court's opinion in this case, but this motion was overruled on January 24th, 1934, in a single sentence opinion, which was to the effect that the court had carefully considered the matters contained in the motion and was of the opinion that same should be overruled.

"The error of the court in this respect is, it is submitted, so prejudicial to the rights of the plaintiffs in error as to clearly entitle them to the right to file a second motion for rehearing in this cause."

In our original opinion we said:

"In the present case, plaintiffs in error state that Montgomery County is the only county named in the Act, which at the time of its passage, had the requisite population, area and valuation, and Leon County can come within the classification when its valuations amount to $10,000,000.00 or more, but the fact remains that the basis of population is fixed by the Act as shown by the United States census of 1920, and can never apply to any other basis of population in any possible event, is not based on classification but on isolation, and is therefore unconstitutional and void. City of Fort Worth v. Bobbitt, supra."

The statement in the application for writ of error is:

"Of the nine counties set out in the above proviso, Montgomery County is the only county named, which at the time of the passage of the act, had the requisite population, area and valuation, and of the others named Leon County, due to having the necessary population and area, could come within the classification at any time when its valuation amounts to $10,000,000.00 or more."

Plaintiffs in error were referring to the nine counties exempted from the operation of the statute, in arguing that such exemption is void and the act is invalid only in part and to that extent, as expressive of their proposition that the exemption provision is surprise legislation and not the intention of the Legislature; they then state in the application for writ of error that seven of the exempted counties could not and never can come within the class on account of area (unless their boundaries were changed).

We understand that plaintiffs in error contended that the act is void only insofar as the exempted counties are concerned, because of insufficient caption, but that this should not operate

to affect the main body of the act, "because the Legislature did not intend to exclude by name, counties to which the act could never apply"; however, it did exclude Montgomery County by name.

We, of course, did not intend to misstate plaintiffs in error's contentions.

This, however, has not convinced us that we were in error in our disposition of the case.

■ It is our opinion:

*1st.* When the Legislature created a class and decreed regulations for the counties embraced in that class, and then excluded by name, counties embraced within the classification, the result was the enactment of a local or special law, and therefore the Legislature in attempting to exclude Montgomery County and the other counties from the operation of the act, rendered invalid the entire act and not merely the portion of the act covered by the proviso, as correctly held by the Court of Civil Appeals, on the authority of Hall v. Bell County, 138 S. W., 178, expressly approved by the Supreme Court in Bell County v. Hall, 105 Texas, 558, 153 S. W., 121.

In a recently decided case, Texas Louisiana Power Co. v. City of Farmersville, 67 S. W. (2d) 235, Judge Sharp of the Commission of Appeals quotes with approval Lewis-Sutherland, Statutory Construction (2d Ed.), Vol. 1, Sec. 306:

" 'If, by striking out a void exception, proviso or other restrictive clause, the remainder, by reason of its generality, will have a broader scope as to subject or territory, its operation is not in accord with the legislative intent, and the whole would be affected and made void by the invalidity of such part.' See, also, Ruling Case Law, Volume 6, p. 129, Sec. 127."

He announced the rule to be that in the construction of a statute, when invalid provisions of a law are severed, in order to save the law, it must be plain that the Legislature would have passed the act with the invalid provisions eliminated, and in seeking the legislative intent the presumption is against any mutilation of a statute; courts will resort to elimination only where an unconstitutional provision interjected into a statute otherwise valid is so independent and separable that its removal will leave the constitutional feature and purposes of the act substantially unaffected by the process.

■ *2d.* The act in question was enacted as, and is, separate and distinct from, other acts concerning other classifications, and must stand or fall on its own provisions.

■ *3d.* That the act, while having the form and superficial appearance of a general law, is in fact a special and local law in that counties which have an area of not less than 1060 square miles and not more than 1200 square miles, which did not have a population of 17,000, or more, according to the United States census of 1920, can never come within and be applicable to said statute, irrespective as to how the population may have grown after 1920, and therefore is in violation of Sec. 56, Art. 3, of our State Constitution.

We think our original disposition of the case is correct; these matters were considered upon the first motion for rehearing.

We therefore recommend that motion for leave to file second motion for rehearing herein be overruled.

Opinion adopted by the Supreme Court, April 18, 1934.