Irwin L. JONES, Appellant,

v.

W. W. BANKS, Appellee.

No. 15729.

Court of Civil Appeals of Texas.

Dallas.

Jan. 15, 1960.

Rehearing Denied Feb. 12, 1960.

Woodgate, Richards & McElhaney; John H. McElhaney, Dallas, for appellant.

Jay S. Fichtner, Dallas, for appellee.

DIXON, Chief Justice.

Three motions are before us affecting this appeal: (1) motion of appellant Irwin L. Jones to dismiss the appeal for want of prosecution; (2) motion of appellant to withdraw a supersedeas bond; and (3) motion of appellee W. W. Banks to affirm on certificate.

The record discloses that on September 10, 1959 the trial court signed a summary judgment in favor of appellee for the sum of $2,546 plus interest, attorneys fees of $356.44 and court costs. On October 10, 1959 appellant filed a supersedeas bond in the principal amount of $4,170. The last day for filing the transcript was November 9, 1959. No transcript has been filed, nor has appellant filed a motion for extension of time for the filing of the transcript.

Appellant's contention is that he did not file a cost bond as required by Rule 354, Texas Rules of Civil Procedure, hence this court has never acquired jurisdiction of the appeal. He says he filed only a supersedeas bond, which he claims is not sufficient to give us jurisdiction of the appeal because the bond does not expressly provide for payment of costs.

. ■ We are unable to agree with appellant. The supersedeas bond filed in this case was approved by the District Clerk. It was filed within the time required for the filing of a bond for costs on appeal under Rule 356, T.R.C.P. It will therefore serve also as a cost bond on appeal. Bachman v. Neal, Tex.Civ.App., 180 S.W.2d 643; Garvin v. Hufft, Tex.Civ.App., 243 S.W.2d 391; 3 Tex.Jur.2d 588.

The condition of the bond obligates appellant and his surety to *"prosecute his appeal with affect;* and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, *he shall perform its judgment, sentence or decree,* and pay all the damages as said court may award against him." (Emphasis ours). It will be observed that the language above quoted does not expressly provide for the payment of court costs. However, the wording is broad enough in its terms to include court costs, and we think by necessary implication it does include court costs.

■ However if we should be in error in the above holding, the defect in the bond is not such as to deprive this Court of jurisdiction of the appeal. For present purposes we must pass on the sufficiency of the bond as a bond for costs on appeal. The rule is that defects of substance or form in a bond for costs on appeal are not jurisdictional. Pfeffer v. Meissner, Tex. Civ.App., 286 S.W.2d 241; Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713; Womack v. Carson, 123 Tex. 260, 65 S.W.2d 485, 70 S.W.2d 416; 3 Tex.Jur.2d 573.

It is for the appellee, not the appellant, to object to a defective appeal bond filed by the appellant. If appellee makes no objection to the bond the court will hear and determine the appeal. Mitchell v. Hancock,

**372**

Tex.Civ.App., 196 S.W. 694; Hardy v. City of Throckmorton, Tex.Civ.App., 70 S.W.2d 775; Ginn v. Southwest Bitulithic Co., Tex.Civ.App., 149 S.W.2d 201.

Here we have an appellant seeking to gain an advantage because of a defect in his own bond—a defect for which he is responsible. We take it for granted that when appellant gave notice of appeal and afterwards filed this bond, he and his surety in good faith intended to do as their bond obligated them to do under the terms of the bond as hereinbefore quoted. The prosecution of the appeal in such manner as to confer jurisdiction on this Court was a part of the obligation to prosecute the appeal with effect. Lloyds Casualty Insurer v. McGee, 141 Tex. 384, 174 S.W.2d 314, 316, consequently appellant and his surety will not be heard now to say that this Court does not have jurisdiction of the appeal. Appellant's motion for dismissal of the appeal for want of jurisdiction is overruled.

Appellant relies on the holding in Slaughter v. Texas Life Insurance Co., Tex.Civ.App., 211 S.W. 350, which is not in point with appellant's contention. In that case it was the appellee who raised the question of the sufficiency of appellant's bond. The court held that the bond was defective. But appellant was given leave to cure the defect. The defect was cured. The court then proceeded to hear the appeal on its merits. Its opinion will be found in Tex.Civ.App., 218 S.W. 1109.

Since the filing of the supersedeas bond conferred jurisdiction of the appeal it follows that we must overrule, and we do hereby overrule appellant's motion for leave to withdraw the bond.

We agree with appellee that the judgment should be affirmed on certificate. Rule 387(c), T.R.C.P. expressly provides for such affirmance at any time after the right to file the transcript has expired. It also provides by implication that an affirmance by certificate may be had against the sureties on the bond if the motion to so affirm has been filed within one year after the right to file the transcript has expired.

Appellee's motion to affirm on certificate is sustained, including judgment against Maryland Casualty Company as surety on appellant's supersedeas bond.

Judgment affirmed on certificate.