

# THE ATTORNEY GENERAL
## OF TEXAS

March 16, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable James W. Smith, Jr.　　Opinion No.　JM-1027
Frio County Attorney
P. O. Box V　　　　　　　　　　　Re:　Whether certain county
Pearsall, Texas　78061-1138　　　road contracts must be com-
　　　　　　　　　　　　　　　　　petitively bid under court/
　　　　　　　　　　　　　　　　　engineer　system,　section
　　　　　　　　　　　　　　　　　3.201　of　article　6702-1,
　　　　　　　　　　　　　　　　　V.T.C.S.　(RQ-1460)

Dear Mr. Smith:

　　You ask five questions which　appear to have arisen　in connection with the following　factual circumstances as　described in your request:

> Frio County, Texas, for the last 2 years　has been operating under the Court/Engineer System as to the maintenance of its roads as set out in V.A.C.S., art.　6702-1, Sec. 3.201　et seq. And for　the same length　of time　Frio County has employed　a licensed　professional engineer.
>
> . . . .
>
> The Frio County Engineer ordered emulsion for a paving　project　- the　ordering　was　done April 7 through April 22, 1988.
>
> The Engineer had planned the project well　in advance of the start up date of the　project. He had knowledge of the approximate amount of this product he would　need and the price　of the product.
>
> Invoices were received by the County　Auditor on May 5,　1988, in the　amount of　$9,128.04 for payment　on the　emulsion.　The　Engineer has stated that additional emulsion is needed to complete the road paving project.

The County Auditor after receiving the invoices questioned the Engineer as to why the project wasn't let out for bids. The Engineer stated that the company from which the emulsion was provided was the 'sole source' for the product. The Auditor has refused to pay for the emulsion received so far, contending that it does not meet the requirements of Section 262.024, 'Exemptions,' quoted in part supra. Furthermore in accordance with Local Government Code, Section 113.901 a requisitions [sic] for the materials was not attached to the account presented to the County Auditor by the Engineer nor was the requisition approved by the County Judge. The County Auditor therefore in accordance with Sections 113.064 and 113.065 of the Code has refused to approve the claims for the emulsion.

The first of your questions we address is:

Is there a conflict between V.A.C.S., art. 6702-1, sec. 3.211 and the competitive bidding and proposal requirements of V.T.C.A., Local Government Code, Secs. 262.023 and 262.024?

Your letter indicates that the focus of your concern is an apparent conflict between article 6702-1, section 3.211, V.T.C.S., and sections 262.023 and 262.024 of the Local Government Code, with respect to the competitive bidding requirements applicable to a purchase of emulsion such as you describe in your statement of facts.[1] Sections 3.201 through 3.213 of article 6702-1 provide for the adoption by a county of the "court/engineer system" for the

---

1. In the absence of any contrary indication in your statement of facts, we assume for purposes of this opinion that the $9,128.04 emulsion purchase constituted a single purchase contract. Both section 3.211 of article 6702-1 and subsection (c) of section 262.023 of the Local Government Code provide that such a purchase, even if made in separate, sequential, or component transactions, should be considered a single purchase for purposes of the competitive bidding requirements of those provisions.

construction and maintenance of county roads.   Section 3.211 of article 6702-1 provides in part:

> All equipment, materials, and supplies for the construction and maintenance of county roads and for the county road department shall be purchased by the commissioners court on competitive bids in conformity with estimates and specifications prepared by the county road engineer.   However, on recommendation of the county road engineer and when in the judgment of the commissioners court it is considered in the best interest of the county, purchases in an amount not to exceed $5,000 may be made through negotiation by the commissioners court or the commissioners court's authorized representative on requisition to be approved by the commissioners court or the county auditor without advertising for competitive bids.

The Local Government Code, section 262.023, a part of the County Purchasing Act, provides in subsection (a):

> Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter.  All bids or proposals must be sealed.

Section 262.024 of the Local Government Code provides exemptions to the competitive bidding requirements of section 262.023.  As your request focuses specifically on the exception to the competitive bidding requirement for an item that can only be obtained from one source, we will consider only that aspect of the section 262.024 exemptions. Section 262.024 provides in relevant part:

> (a)  A contract for the purchase of any of the following items is exempt from the requirement established by Section 262.023 if the commissioners court by order grants the exemption.
>
> . . . .

(7) an item that can be obtained from only one source, including:

(A) items for which competition is precluded because of the existence of patents, copyrights, secret processes, or natural monopolies;

(B) films, manuscripts, or books;

(C) electric power, gas, water, and other utility services; and

(D) captive replacement parts or components for equipment.

(b) If an item exempted under Subsection (a)(7) is purchased, the commissioners court, after accepting a signed statement from the county official who makes purchases for the county as to the existence of only one source, must enter in its minutes a statement to that effect.

Section 262.024 on its face provides exemptions only from the section 262.023 competitive bidding requirement and not from the competitive bidding requirement of section 3.211 of article 6702-1. The question then is whether the provisions of sections 262.023 and 262.024 implicitly repeal the separate competitive bidding requirement of section 3.211.

Section 311.026 of the Government Code provides the rule of statutory construction that we believe resolves this question:

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Section 3.211 is a special provision applicable to the purchase of materials for county roads under the court/engineer system. Sections 262.023 and 262.024 are general provisions applicable to most county purchases. Though the provisions of sections 262.023 and 262.024, enacted in 1985 as part of the County Purchasing Act (then article 2368a.5, V.T.C.S.), appear to be more recently enacted, we find no "manifest intent" of the legislature that the provisions of sections 262.023 and 262.024 prevail over those of section 3.211. Acts 1985, 69th Leg., ch. 641, § 1, at 2377. Article 6702-1, including section 3.211 thereof, was first enacted in 1983, Acts 1983, 68th Leg., ch. 288, at 1431, but section 3.211 was amended by the legislature in the same bill that enacted the County Purchasing Act. Acts 1985, 69th Leg., ch. 641, § 10, at 2384. The 1985 amendment to section 3.211 raised the limit on purchases under section 3.211 that could be made through negotiation from $1,000 to $5,000 but left the other provisions of that section, including those regarding competitive bidding, intact -- an indication that the legislature intended that the provisions of section 3.211 still apply to county purchases of "[a]ll equipment, materials, and supplies for the construction and maintenance of county roads" under the court/engineer system.

Thus, we conclude that the competitive bidding requirement of section 3.211 applies to a purchase, under the court/engineer system of road materials in the amount of over $5,000, such as the $9,128.04 emulsion purchase you describe in your statement of facts. There being no provision of law exempting sole source items from the competitive bidding requirement of section 3.211 for purchases of over $5,000 under that section,[2] an emulsion purchase such as the one you describe must be made on competitive bids.

However, though we find that the requirement of section 3.211 (that all road material purchases under the court/engineer system in excess of $5,000 be made on competitive

---

2. We note that section 262.003 of the Local Government Code provides for a sole source purchase exemption from "[a]ny law that requires a county to follow a competitive bidding procedure in making a purchase requiring the expenditure of $5,000 or less." That exemption does not apply to the emulsion purchase in question which was for $9,128.04.

bids) prevails over the conflicting provisions of sections 262.023 and 263.024 (which would allow purchase of such materials, if only available from a sole source, without competitive bids), we believe that otherwise the provisions of section 3.211 and sections 262.023 and 262.024 can be construed "so that effect is given to both," pursuant to subsection (a) of section 311.026 of the Government Code. That is, if a court/engineer system road material purchase exceeds $5,000, it must be made on competitive bids, under section 3.211, but it also "must comply with the competitive bidding . . . procedures prescribed by [subchapter C, chapter 262 of the Local Government Code]," pursuant to subsection (a) of section 262.023. See §§ 262.025-.028 (providing for competitive bidding notice, opening of bids, awarding of contract, use of lump sum or unit price method).[3]

The second of your questions, which we now turn to, is:

> The County Engineer has never been officially authorized by the Commissioners Court in accordance with Local Government Code, Section 262.001 to be an agent to make contracts on behalf of the County for 'any

---

3. A brief submitted in connection with your request argues that the ruling in Attorney General Opinion JM-505 (1986) indicates that chapter 262 of the Local Government Code does not apply to "public works contracts," which that opinion ruled were covered instead by the provisions now codified as chapter 271, subchapter B, of the Local Government Code. The brief argued that we should now overrule Attorney General Opinion JM-505. That opinion dealt with bid, performance and payment bond requirements for public works contracts. Since we believe, contrary to the position taken in the brief, that the emulsion purchase contract here is not a "public works contract," that is, a "contract for the construction, repair, or renovation of a structure, road, highway or other improvement or addition to real property" under chapter 271, see § 271.024, we do not consider chapter 271 in connection with this opinion or reconsider the ruling of Attorney General Opinion JM-505 with respect to its applicability. See, e.g., City of Houston v. Glover, 89 S.W. 425 (Tex. Civ. App. 1905, writ ref'd) (city charter provision for competitive bidding on "public works" not applicable to contract with architect to prepare plans for public building).

other purpose authorized by law.' Would this invalidate any and all contracts that the County had with a supplier of road emulsion without regard to whether the supplier was a 'sole source,' and, therefore whether or not the competitive bidding and proposal requirements of the statute are met would be immaterial? [Thus in original.]

Section 262.001 of the Local Government Code provides:

> (a) The commissioners court of a county may appoint an agent to make a contract on behalf of the county for:
>
> (1) erecting or repairing a county building;
>
> (2) supervising the erecting or repairing of a county building; or
>
> (3) any other purpose authorized by law.
>
> (b) A contract or other act of an agent appointed under this section that is properly executed on behalf of the county and is within the agent's authority binds the county to the contract for all purposes.

It is an elementary rule of the law of agency that the acts of an unauthorized agent do not generally bind a purported principal. You argue in your request that the commissioners court "has in effect ratified this contract by subsequently accepting the benefits of the contract." As regards the emulsion purchase contract, we will not address whether or how the defective agency relationship you describe could be cured so as to validate it, since we have concluded in response to the first question addressed above that the contract was inherently defective because it was not made on competitive bids as section 3.211 of article 6702-1 requires.

County officials' authority is limited to that expressly conferred or necessarily implied by the constitution and statutes. Wilson v. County of Calhoun, 489 S.W.2d 393 (Tex. Civ. App. - Corpus Christi 1972, writ ref'd n.r.e.). Here, we have concluded that the commissioners, whether or not acting through the agency of the road

engineer, had no authority to contract for the purchase of the emulsion except through the taking of competitive bids. The contract is thus void.  It cannot be "ratified" by the commissioners court since the commissioners court cannot bind the county by ratification of a contract the court itself had no authority to make in the first place. Limestone County v.  Knox, 234 S.W. 131 (Tex. Civ. App. - Dallas 1921, no writ).[4]

We also note that the establishment of apparent authority would likely be precluded on the facts you present, since a person dealing with the engineer would be deemed to be on notice that the $9,128.04 emulsion purchase was required to be made on competitive bids and that neither the engineer nor the commissioners court had authority to make the purchase in any other manner. See, e.g., Limestone County v. Knox, supra.

Finally, in regard to your second question we note that you ask whether the engineer's not having been approved as agent under section 262.001 would "invalidate any and all contracts that the county had with a supplier of road emulsion." Since your statement of facts does not refer to any emulsion purchase contracts other than the one for $9,128.04, we do not here address the validity or possible validation of any other emulsion purchase contracts. See footnote 1, supra.

Two of your other questions deal with the construction of and manner of applying the sole source exemption in Local Government Code section 262.024. We need not reach these questions inasmuch as we have concluded in response to the first question that section 262.024 does not exempt the $9,128.04 emulsion purchase contract from the requirement of section 3.211, article 6702-1, that it be made on competitive bids.

---

4.  It would appear, however, as you suggest, that if the county has received the benefits of the contract, even though the contract is void for irregularities, the county could be held liable in quantum meruit for the reasonable value of the benefits received. Harris County v. Emmite, 554 S.W.2d 203 (Tex. Civ. App. - Houston [1st Dist.] 1977, writ dism'd); Womack v. Carson, 38 S.W.2d 184 (Tex. Civ. App. - Beaumont 1931), aff'd, 65 S.W.2d 485 (Tex. 1933), aff'd on rehearing, 70 S.W.2d 416 (Tex. 1934).

You also ask:

> [I]s there any civil and/or criminal liabi-
> lity on anyone's part if it is determined
> that this is an invalid expenditure of the
> public's money?

Whether the circumstances of the emulsion purchase con-
tract may be grounds for civil or criminal liability is
ultimately a question of fact, which cannot be resolved in
the opinion process.

Various provisions of Texas law could possibly give
rise to liability. They include section 262.034 of the
Local Government Code (providing that a county officer or
employee commits an offense if he knowingly makes or autho-
rizes separate, sequential, or component purchases to avoid
the competitive bidding requirements of section 262.023 or
if he knowingly or intentionally violates subchapter C,
chapter 262 of the Local Government Code), section 39.01 of
the Penal Code (intentional or knowing violation by a public
servant of a law relating to duties of office or employment,
or misappropriation of public property, coupled with the in-
tent to obtain a benefit or harm another), and perhaps sec-
tions 15.05 et seq., of the Business and Commerce Code
(contract, combination, or conspiracy in restraint of trade
or commerce unlawful). See also Bus. & Com. Code, §§ 15.20
et seq., (providing for offenses, penalties and suits). Al-
so, at common law, an unauthorized agent may be personally
liable to a person with whom he makes an unauthorized con-
tract for the damages arising therefrom. See 3 Tex. Jur. 3d
Agency § 162. We decline to speculate, however, as to what
factual circumstances in connection with the emulsion pur-
chase might give rise to liability under these or other
laws.

Finally, we note that though you refer in your state-
ment of facts to the county auditor's refusal "to approve
the claims for the emulsion," citing Local Government Code
sections 113.064, 113.065, and 113.091, your request poses
no questions with respect to the auditor's action or the
construction or application of those provisions. According-
ly, we offer no opinion on these matters.

### S U M M A R Y

Under article 6702-1, section 3.211,
V.T.C.S., a contract for a $9,128.04 purchase
of emulsion for a county road under the

court/engineer system must be made on competitive bids. There is no sole source exemption from the section 3.211 competitive bidding requirement, which is applicable to such contract. Such a contract must also comply with the competitive bidding procedures prescribed by chapter 262, subchapter C, of the Local Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General