STRIPLING et al. v. PARTIN.    (No. 566.)

(Court of Civil Appeals of Texas.  Beaumont.
         ·  June 15, 1920.)

Appeal and error ⬅134(2) — Docket entry that temporary writ was dissolved not "entry of record" from which appeal could be taken.

Where all that appears in the transcript on appeal is a docket entry stating that a temporary writ of injunction was dissolved, the appellate court acquires no jurisdiction of the appeal, such not being "an entry of record" as contemplated by Rev. St. 1911, art. 4644, providing that an appeal may be had in such case "provided the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Entry.]

Appeal from San Augustine County Court; E. T. Anderson, Judge.

Action between R. N. Stripling and others and W. R. Partin. From an order dissolving a temporary injunction, the former appeal. Appeal dismissed.

Davis & Ramsey, of San Augustine, for appellants.

Stephenson & Bogard, of San Augustine, for appellee.

WALKER, J. This is an appeal from an order dissolving a temporary injunction. The transcript does not disclose a final judgment. Rev. St. 1911, art. 4644, provides that an appeal from this character of order may be had, "provided the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction."

All we find in the transcript is the docket entry stating that the temporary writ was dissolved. This was not "an entry of record," as contemplated by the article quoted. This is a jurisdictional matter, and we have no option except to dismiss the appeal, and it is accordingly so ordered.