EX PARTE DICK RAINS.

No. 4011.    Decided December 20, 1923.

(257 S. W., 217.)

</div>

1.—Injunction—Temporary Restraining Order—Expiration.

A mere temporary restraining order, effective by its terms only until a date on which defendant is commanded to appear and show cause why it should not be continued in force until otherwise ordered, remains effective beyond the day mentioned only in case it is given new vitality by further order of the court appearing of record. In absence of this the party restrained can not be punished for contempt in subsequently disregarding it. (Pp. 431-433).

2.—Same.

See petition for injunction, the judge's fiat thereon, and writ issued in pursuance thereof, which are held to show merely a temporary restraining order effective by its terms only until the day named therein on which the party injured was required to appear before the judge to show cause why it should not be longer continued, and which was not in force after such day in the absence of an order of record making it so.   (Pp. 429-433).

3.—Setting Case for Hearing.

Direction to appear at a named date to show cause why the temporary restraining order should not be permanent referred only to its continuance as a restraining order from that date until disposition of the case on final hearing.   (P. 432).

4.—Injunction—Restraining Order.

The distinction between an injunction and a mere temporary restraining order is discussed and the statutes and decisions relating thereto.   Rev. Stats., art. 4651;   Riggins v. Thompson, 96 Texas, 154;   Ex Parte Zuccaro, 106 Texas, 197;   Robinson v. Theis, 252 S. W., 249;   Cole v. Forto, 155 S. W., 351;   Beirne v. North Tex. Gas Co., 221 S. W., 301.   (Pp. 432, 433).

5.—Order of Record—Docket Notation.

The statute (Rev. Stats., art. 4644) requires entry of record of all orders relative to injunctions, and such record entry was necessary to preserve the life of a restraining order beyond the date to which it was by its terms made effective.   The fiat of the judge constituted such record order, but not a mere notation on the judge's docket, "Passed.   Injunction held in force." (Pp. 433, 434).

Original application by Rains to the Supreme Court for writ of habeas corpus, alleging that he was illegally confined by Dan Harston, Sheriff of Dallas County, under an order of commitment by the judge of the 44th District Court.   The commitment was for supposed violation of an injunction by that court, and this, relator claimed, was illegal because no such injunction was in force at the time of his alleged violation of it.   The petition for the writ appeared to have been first presented to and refused by the judges of the 14th and of the 68th District Courts and the judge of the Criminal District Court No. 2. The writ was then granted by the Chief Justice.

*Albert Strawn,* for relator, cited:
Ex parte Zuccarro, 163 S. W., 579; Robinson v. Theiss, 252 S. W., 249; 22 Cyc., 745, Restraining orders; Art. 1694, Revised Statutes Texas, 1911.

No briefs for respondent.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court. By an amended petition filed in the District Court of the Forty-fourth District, in Dallas County, on March 13, 1923, W. H. Cox et al. sought to compel Dick Rains, the relator here, to continue to fur-

nish water to the residents of a suburb of the City of Dallas, and to restrain him from cutting off the supply of water of the plaintiffs and others. The suit was based upon an alleged contract, the nature of which is immaterial in this proceeding. The prayer of the plaintiffs was as follows:

"WHEREFORE, premises considered, your petitioners pray your Honor to issue this most gracious writ of Mandatory injunction *temporarily restraining* the defendant from failing and refusing to furnish to each of your petitioners herein and the other residents of Vickery Addition an adequate supply of water in compliance and in accordance with the terms and provisions of the first contract and agreement and deed above set out and further restraining said defendant from cutting off the supply of water from your petitioners and the other residents of Vickery Addition so long as your petitioners and the remaining residents of Vicery Addition comply with the terms of the contract first above set out, and *pray for a temporary restraining order* granting such relief and upon a final hearing hereof said *temporary restraining order* be made final and perpetual so that your petitioners and the other residents of Vickery Addition can and will be supplied with water in compliance with the terms of the contract first above set out." (Italics ours).

Upon the presentation of the amended petition containing the above prayer, the Honorable Louis Wilson, Judge of the Court endorsed thereon his fiat as follows:

"March 13, 1923.

"Mr. Clerk:

"Issue a writ of mandatory injunction *temporarily restraining until further ordered by this court,* Dick Rains from failing and refusing to furnish to each of the petitioners and all the residents of Vickery an adequate supply of water in accordance with the terms and provisions of the contract and deed dated April 22, 1910, between W. E. Coleman et al., and J. E. Penry and further restraining said defendant from cutting off the supply of water from petitioners and all the residents of Vickery, *in all things as prayed for herein,* upon the filing of a good and sufficient bond in the sum of $500.00, conditioned as required by law, *and the defendant to appear herein at 2 o'clock P. M. on the 17th day of March, 1923, and show cause why this order should not be made permanent.*

(Signed)     Louis Wilson,
Judge." (Italics ours.)

A writ of injunction issued on this order of the Judge, which recited that the plaintiffs in the action "had prayed and obtained from the Honorable Louis Wilson, Judge of the 44th Judicial District, his most gracious *temporary* writ of injunction." (Italics ours). The

writ, after defining the restraint imposed by the substance of the fiat, contains this language:

*"And you are further commanded to appear before said court on the 17th day of March, 1923, at 2 o'clock P. M., to show cause why this order should not be made permanent until the further order of the District Court,* to be holden within and for the County of Dallas 44th Judicial District of Texas, at the Court House thereof, in the City of Dallas, on the 17th day of March A. D. 1923, when and where this writ is returnable." (Italics ours).

Afterwards, on the 16th day of June, 1923, on a motion duly filed, the relator was adjudged guilty of contempt of court; which judgment, however, was not made effectual until June 23, 1923. Relator was fined $100 and ordered confined three days in jail for violation of the above described injunction. The case is before this Court on application for a writ of habeas corpus.

As shown above, by the fiat of the Judge and the injunction issued thereon, the relator, Dick Rains, was temporarily restrained from doing the acts complained of until further ordered by the court, and he was directed to appear at 2 o'clock P. M. on the 17th day of March, 1923, within four days after the court had endorsed his fiat on the petition, and show cause why the order temporarily restraining him should not be made permanent.

The minutes of the court show no further orders relative to this restraining order or the matter set forth in this fiat or the injunction, until the final disposition of the case at a subsequent term of the court and the judgment of contempt.

The motion for contempt proceedings filed, and upon which relator was adjudged guilty, alleged the violations of the foregoing injunction to have taken place on June 13, 1923, and continuously after that date, or nearly three months after March 17, 1923, the date fixed by the court for the hearing, at which time it was to be determined whether or not the temporary restraint should be made permanent.

The relator contends that the judgment for contempt is void, because there was no injunction against him existing at the date of its alleged violation and after March 17, 1923, the day fixed for the hearing, as stated above; that the order of March 13, 1923, was a mere restraining order, which expired on the day set for the hearing.

The question for determination is whether or not the injunction evidenced by the fiat of the Judge and issued was a mere restraining order or a temporary injunction to continue until the final disposition of the case. We agree with the relator, that it was a mere restraining order, which expired on the date set for the hearing, to-wit: March 17, 1923.

As shown above, the prayer of the plaintiffs was for *"a writ of mandatory injunction temporarily restraining,"* etc., and "for a

*temporary restraining order* granting such relief, and upon a final hearing said *temporary restraining order be made final and perpetual.*"

The fiat of the Judge, as quoted above, was for the purpose of "*temporarily restraining until further ordered by this court,*" and directed the defendant to appear at 2 o'clock P. M. on the 17th day of March, 1923, and "*show cause why this order should not be made permanent.*"

The injunction issued in response to the prayer for a temporary restraining order commanded the relator to appear before the court on the 17th day of March, 1923, at 2 o'clock P. M. "*to show cause why this order should not be made permanent until the further order of the District Court, to be holden,*" etc.

The words "*this order,*" as used both in the fiat and the injunction, refer to that described in the fiat as temporarily restraining relator until further ordered by the court. That was the only order which had been made, and necessarily the only one referred to.

In addition to the obvious language of the prayer and the fiat, which use terms adequate and precise for praying for and granting a temporary restraining order, the fiat directed the defendant, who is the relator here, to appear before the court at a day and hour fixed, "and show cause why *this order* should not be made permanent."

The only purpose in fixing a date for a hearing in the fiat of the Judge and in the injunction issued thereon was to fix a date for determining whether or not further orders of the court should be issued relative to the temporary restraining order. Revised Statutes, Articles 4651, expressly authorizes such action by the Judge.

It is manifest that the purpose of fixing the time and place of hearing on the application was for the determination of whether or not the temporary restraining order should be continued in effect. It is plain the court was not setting the cause for a final trial, because it would have been entirely unnecessary to fix the date or set the final trial of the case in the fiat granting a restraining order, or in the injunction served upon the relator. Cases are set for final trial by orders made in open court entered on the judge's docket, and not upon ex parte applications of one of the parties made directly to the Judge in chambers, or elsewhere, without hearing and without any opportunity of the opposing parties to be present.

The fiat of the Judge directs the relator to appear at the time stated and show cause why the order of temporary restraint should not be made permanent, and not to appear and answer the plaintiffs' cause of action or show cause why an injunction should not be made final and perpetual. The use of the word "permanent" in the fiat, while not critically accurate, nevertheless as used clearly means that the relator was to appear and show cause why the temporary restraining order should not be made a permanent restraining order,

—that is, one effective until the final trial and disposition of the case.

Fiats similar to the one here shown have been construed by this Court and held merely temporary restraining orders, the effect of which expired on the day set for hearing. Riggins v. Thompson, 96 Texas, 154, 71 S. W., 14; Ex parte Zuccaro, 106 Texas, 197, Ann. Cases, 1917 B, 121, 163 S. W., 579.

It is plain, we think, that the injunction issued in this case was a temporary restraining order intended to operate only until the date cf. the hearing, March 17, 1923; and not having been continued in force by any additional order of the court, expired on the date mentioned; and the judgment of contempt, based upon this injunction for alleged violations long subsequent to the date of its expiration, was void, and is of no effect. Ex Parte Zuccaro, 106 Texas, 197, Ann. Cases, 1917B, 121, 163 S. W., 579; Robinson v. Theis, 252 S. W., 249; Cole v. Forto, 155 S. W., 351; Beirne v. North Texas Gas Co., 221 S. W., 301.

The minutes of the court do not show any action whatever with reference to the hearing set for March 17, 1923, and in a case of this character, regarding the existence of an injunction we will not look beyond the minutes, except, of course, to the original fiat endorsed on the petition, which is a sufficient "entry of record" to warrant us in so doing. On the Judge's docket in this case appear the following entries, to-wit: "3/17/23. Passed." "3/24/23 Passed. Injunction held in force." However, nothing suggested by these entries appears on the minutes of the court.

If the hearing was passed at any time in such manner as to continue in force the restraining order, it would take an order or judgment of the court, properly entered of record at the time or subsequently, under well known rules of law, to effectuate this purpose. Since a restraining order expires on the day set for the hearing, its continuance thereafter is tantamount to the granting of a new restraining order or injunction, and, of necessity, must be in the form of an order or judgment of the court. It is well settled that all judgments, orders, and decrees in courts of record must be entered of record. Rust v. State, 31 Texas Crim., 75, 19 S. W., 763; Rev. Stats., Arts. 1694, 1727, 4644.

The last Article of the Statutes cited relates particularly to injunctions, and expressly requires an "*entry of record*" of all orders relative thereto.

The fiat of the Judge on the petition when filed is such an "entry of record." Baumberger v. Allen, 101 Texas, 352, 107 S. W., 526; Walstein v. Nicholson, 47 Texas Civ. App., 358, 105 S. W., 207.

The notations made on the Judge's docket, quoted above, are not entries of record." Stripling v. Partin, 223 S. W., 527.

The only "entry of record" in this case is the original fiat of the Judge, the restraining force of which expired on March 17, 1923.

That was the judgment of the court properly entered of record. The notations on the Judge's docket will not be considered to contradict or vary that judgment in this proceeding. Gwinn v. State, 88 Texas Crim., 509, 228 S. W., 233.

Of course, we recognize the rule that a judgment may be entered or corrected during term time, or thereafter by nunc pro tunc order under well established rules of law. Coleman v. Zapp, 105 Texas, 491, 151 S. W., 1040. However, this has not been done in this case, and there exists no order, judgment, or decree of the court continuing in force the temporary restraining order, which expired on March 17, 1923.

Other interesting questions are discussed in relator's brief and argument, but we find it unnecessary to consider them.

From the foregoing it follows that the order adjudging relator guilty of contempt, punishing him therefor, and the commitment issued, are void, and relator must be discharged.