WOMACK, County Treasurer, et al. v. CARSON et al.

No. 1403—6034.

Commission of Appeals of Texas, Section B.

Nov. 28, 1933.

. J. M. Combs, of Beaumont, and A. W. Morris, of Conroe, for plaintiffs in error.

W. N. Foster, of Conroe, and E. R. Campbell, of Houston, and A. A. Turner, of Conroe, for defendants in error.

. RYAN, Judge.

On January 24, 1931, A. M. Carson, A. M. Madeley, and J. W. Coleman, tax-paying citizens of Montgomery county, presented their petition to the Hon. S. A. McCall, judge of the Ninth judicial district, praying for a temporary writ of injunction restraining Mrs. Ollie Womack, as treasurer of said county, and her successors in office, from paying certain warrants theretofore issued by order of the commissioners' court, and that upon final hearing the injunction be perpetuated and said warrants be cancelled.

The defendants named in said petition were, in addition to said treasurer, Leslie Doughty and U. S. Allen, then, and for several years prior thereto, county commissioners, and P. W. Davis and G. C. Mostyn, who were county commissioners during the years 1929 and 1930, also O. Etheridge, owner and publisher of a weekly newspaper in said county, called the "Conroe Courier."

It was averred that on September 8, 1930, the commissioners' court passed an order authorizing the Conroe Courier to publish the delinquent tax rolls from the last publication of same, at the statutory fees, which was done, at a cost in excess of $2,000, and aggregating $3,218.80; that no competitive bids were called for, although there were being published in the county, at that time, and since, two weekly newspapers in which said notice could have been published. That under article 2368, Rev. Stat. 1925, the commissioners' court had no authority to make such a contract requiring the expenditure of $2,000

or more, without first submitting the same to competitive bids and then awarding it to the lowest and best responsible bidder, who is required under said statute to give good and sufficient bond in the full amount of the contract price, executed by a surety company authorized to do business in this state. Said statute provides that any contract, made by the commissioners' court without complying with its provisions, shall be void and not enforceable in any court of this state, and the performance of same, and the payment of any money thereunder, may be enjoined by any citizen of the county.

It was further averred that the commissioners' court, in special session, on or about December 30, 1930, passed two orders, one adjusting salaries of the commissioners for the years 1929 and 1930 on a basis of $1,800 per year, they having drawn only the sum of $1,500 for said years, and directing issuance of warrants to each for the sum of $600 covering such alleged shortage, and the other adjusting such salaries for the years 1925 to 1928, inclusive, on the basis of $1,800 per year instead of $1,500 per year drawn, and directing issuance of warrants to each commissioner, for said years, at the rate of $300 per year.

The total amount of said claims allowed to commissioners under said two orders was $6,075.

It was averred that all said warrants had been issued, registered by the treasurer, and would be paid in due order by her, unless restrained.

It is recited in one of said orders that, by virtue of House Bill No. 523, chapter 118 of the General Laws (Regular Session), 39th Legislature (Vernon's Ann. Civ. St. art. 2350b), said salaries were fixed at $1,800 per year for each commissioner; plaintiffs below allege, in this connection, that Montgomery county is exempt from its operations, and furthermore its provisions require that such action fixing said salaries must be had at a regular, and not a special, term of the commissioners' court.

The district judge, on consideration of the petition and on the day of its filing, directed issuance of a writ of injunction in all things, as prayed for, and fixed bond in the sum of $500, which was given and approved the same day.

On application of the county attorney, leave was given Montgomery county to intervene, and at the same time (January 31, 1931) Montgomery county filed her plea in intervention as a party plaintiff, joining with the original plaintiffs, adopting their original petition, making the same allegations of fact and of law and prays the same relief.

On the twentieth day after the granting of

the temporary injunction, to wit, February 13, 1931, transcript containing the original petition, judge's order, and appeal bond, was filed with the clerk of the Court of Civil Appeals. This transcript was afterwards (February 26, 1931) corrected and supplemented by adding thereto certified copies of the original writ of injunction served on the county treasurer, the county's petition in intervention, and the order of leave therefor.

With the transcript was filed an appeal bond executed by Etheridge, Doughty, and Allen, as principals, and two sureties, approved by the district clerk. It was not executed by Mrs. Womack, county treasurer, nor by Davis and Mostyn, original defendants, and was payable to "the officers of the court" and not to the appellees, as required by article 2265, Rev. Stat. 1925.

Motion to dismiss the appeal having been made, the Court of Civil Appeals granted appellants leave to amend said appeal bond (article 1840, Rev. Stat. 1925), and on February 26, 1931, a new bond payable to the plaintiffs below (appellees), signed by all the originally named defendants below, as principals, and two sureties, was filed with the clerk of the Court of Civil Appeals.

The Court of Civil Appeals held that the contract with Etheridge was governed by article 7323, Rev. Stat. 1925, that article 2368 has no application thereto, and reversed so much of the order as granted temporary injunction restraining payment of the warrants issued to Etheridge, but affirmed so much of said order as pertained to the warrants issued to the other parties (past and present county commissioners) for the increased salary. 38 S.W.(2d) 184.

First. Defendants in error have filed motion to dismiss the appeal on the ground (1) that the temporary injunction was against only Mrs. Womack, as treasurer of Montgomery county, and she failed or refused to join in or sign the original appeal bond, which was filed within twenty days from the issuance of the temporary injunction, and therefore was not a party to the appeal, and because the same was not made payable to the appellees, as required by statute, but only to "the officers of the court"; and (2) because a second or amended appeal bond in which the treasurer and all her codefendants named in the original petition did join was filed on February 26, 1931, which was after the requisite statutory period within which the appeal could be perfected, and the treasurer therefore did not become a party to such appeal until that time, which was too late. Said second bond is also attacked because not unconditionally approved by the district clerk, such approval reading as follows: "And I further certify that if this bond had been presented to me on February 13, 1931, I would have approved the same."

Said motion to dismiss the appeal is overruled.

■ Any party to a civil suit wherein a temporary injunction may be granted may appeal from such order by filing the transcript in such case with the clerk of the appellate court not later than twenty days after the entry of record of such order or judgment. Article 4662, Rev. St. 1925. The fiat of the judge is such an "entry of record." Ex parte Dick Rains, 113 Tex. 428, 257 S. W. 217. The transcript was filed with the clerk of the Court of Civil Appeals, on the twentieth day after the judge's fiat was indorsed on the petition, by three defendants, parties to the suit, and therefore in compliance with the statute.

■ At the same time the first appeal bond had been filed and was included in the transcript; this bond was clearly defective, not being payable to the appellees, but only to "the officers of the Court." Article 2265, Rev. Stat. 1925. However, the Court of Civil Appeals, by authority of article 1840, Rev. Stat. 1925 (motion to dismiss the appeal because of the defective bond having been made), authorized the filing of a new appeal bond, which was sufficient. The jurisdiction of the appellate court attached by reason of the first bond, though it was defective in substantial particulars (Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Bauer v. Crow [Tex. Civ. App.] 171 S. W. 296), and, when the new bond was filed in the appellate court, all requirements of the statute were met.

■■ Whether the new bond was or was not approved by the district clerk is immaterial. While an original bond must be approved by him (3 Tex. Jur. 342), the new bond must be filed in the Court of Civil Appeals and approved in that court. 3 Tex. Jur. 346. It is not essential that the new bond be filed within the time prescribed by law for the filing of an appeal bond, inasmuch as the filing of a defective bond is sufficient to carry the appeal. Eaton v. Klein (Tex. Civ. App.) 141 S. W. 828.

■ It appears that the Court of Civil Appeals granted leave to file the amended or new bond, the same was filed by the clerk of that court, and that court considered the cause in the light of a sufficient bond having been made and passed upon the merits of the appeal.

We therefore hold that the new bond was approved by the appellate court, and the statute satisfied.

■ Second. No motion for rehearing in that court was filed, complaining of the action of the Court of Civil Appeals with reference to the warrants issued to O. Etheridge, as

publisher of the Conroe Courier, the temporary injunction as to such warrants having been dissolved by the Court of Civil Appeals. No application to the Supreme Court for writ of error on that subject has been filed, and therefore it is not reviewed or considered in this opinion. Article 1739, Rev. Stat. 1925; Ft. Worth & R. G. Ry. Co. v. Robertson, 103 Tex. 504, 121 S. W. 202, 131 S. W. 400, Ann. Cas. 1913A, 231; Houston & T. C. Ry. Co. v. Rutherford, 94 Tex. 518, 62 S. W. 1056; Van Orden v. Pitts (Tex. Com. App.) 206 S. W. 830.

█ Third. Plaintiffs in error (county commissioners) justify their contention for salary at the rate of $1,800 per annum, by the proposition that so much of chapter 118, Acts 39th Leg. (1925 p. 302 [Vernon's Ann. Civ. St. art. 2350b]), as fixed such salaries at that rate, is valid, but so much of said act as required such rate of salary to be fixed at a regular term of the commissioners' court, and as exempted Montgomery, and other counties therein named, from its operation, is invalid, because not within the caption of the bill, and therefore the body of the act is applicable to Montgomery county and the other counties named in the exception.

Said act (House Bill No. 523), omitting emergency clause, reads as follows:

"An Act fixing the compensation of county commissioners in counties having a population of not less than 17,000 according to the United States census 1920, and which have an area of not less than 1060 square miles nor more than 1200 square miles, and which assessed valuation of not less than $10,000,000 and which do not contain a city or town of more than 7,500 and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. Hereafter each county commissioner in counties having a population of not less than 17,000 according to the United States census of 1920, and which have an area of not less than 1060 square miles, nor more than 1200 square miles and which have assessed property valuations of not less than $10,000,000 and which do not contain a town or city of 7,500 population or more, may receive a salary of eighteen hundred ($1,800.00) dollars per annum, payable in twelve equal monthly installments, as compensation for their services rendered, of whatever nature, either in connection with the roads of the county, or in connection with other county business. The amount of salary to be received by commissioners in counties classed herein set out, shall be fixed by an order of the commissioners' court by an order passed at a regular term of such court, and entered upon its minutes; provided that nothing herein shall affect or apply to the counties of Grimes, Houston, Leon, Madison, Montgomery, Polk, San Jacinto, Trinity and Walker in said State.

"Sec. 2. [Emergency clause.]

"Approved March 26, 1925.

"Effective March 26, 1925."

In reply to such contention of plaintiffs in error, it is argued that the inclusion of the body of said act into the published Revised Civil Statutes of 1925, as article 2350b, removed that objection, and said article became a new enactment as part of the Revised Civil Statutes, requiring no special caption.

The act adopting the Revised Civil Statutes is known as Senate Bill No. 84, was passed by the Legislature on March 19, 1925, and approved by the Governor, on April 1, 1925. This act does not include article 2350b, and therefore there can be no merit to that contention.

To provide for the printing, sale, and distribution of said Revised Statutes, the Legislature enacted chapter 104, Acts 39th Leg., Senate Bill No. 382 (Vernon's Ann. Civ. St. Final title, § 23 et seq.), which permitted the secretary of state, board of control, and a supervisor to be appointed by the Governor, as a board of supervision, to omit from such publication any article in the revision expressly repealed at such Thirty-Ninth session, and to insert any amended articles in lieu of the original; also, when any article of the revision may be modified by an act of the Legislature, but the same is not amended or re-enacted, to retain the same, and insert immediately thereafter the act modifying the same.

It was in that manner that article 2350b found its way into the statutes as published, but it was never a part of the Revised Civil Statutes of 1925, as adopted by the Legislature and signed by the Governor.

Defendants in error make the further contention that the entire act is void, as a local and special law, which the Legislature had no power to enact. This contention is sustained by the Court of Civil Appeals, and to this we agree on the authority of City of Fort Worth v. Bobbitt, 36 S.W.(2d) 470 (opinion by Judge Critz of the Commission of Appeals, approved by the Supreme Court), and Smith v. State, 120 Tex. Cr. R. 431, 49 S.W.(2d) 739 (opinion by Judge Christian, Commissioner, approved by the Court of Criminal Appeals).

In the present case, plaintiffs in error state that Montgomery county is the only county named in the act which, at the time of its passage, had the requisite population, area, and valuation, and Leon county can come within the classification when its valuations amount to $10,000,000 or more, but the fact remains that the basis of population is fixed by the act as shown by the United States census of

1920, and can never apply to any other basis of population in any possible event, is not based on classification, but on isolation, and is therefore unconstitutional and void. City of Fort Worth v. Bobbitt, supra.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.