

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 14, 1963

Honorable Joe Resweber
County Attorney
Harris County
Houston 2, Texas

Dear Mr. Resweber:

Opinion No. C-160

Re: Fees to be collected
by County Clerks under
Article 3930, V.C.S.,
and related question.

You have requested the opinion of this office as to the proper fees to be collected by County Clerks under Article 3930, Vernon's Civil Statutes. In this connection you have posed certain questions, and asked for our interpretation of the proper fee to be charged in each case.

At the outset, we must note that Article 3930 was amended in 1957 by Acts 1957, 55th Legislature, p. 477, ch. 228. Section 2 of the 1957 amendment provides that "All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only." In the brief accompanying your request, it is concluded that some fourteen fee items from the old statute do not conflict with the new amendment, and were thus left in force. With this conclusion we cannot agree.

Section 1 of the amendment reads in part as follows:

"Section 1. Article 3930 of the Revised Civil Statutes of Texas, 1925, as amended by Acts 1945, 49th Legislature, Regular Session, Chapter 368, Section 4, is amended to read as follows: . . . " (Emphasis supplied).

The emphasized portion makes it clear that the amendment is to completely supplant the preceding form of the Act, and as of the effective date of the 1957 amendment a new county clerk fee bill has been in operation. The fact that a specific revocation clause is not present in the 1957 amendment is immaterial, inasmuch as the words used have the same effect.

With reference to the following specific fees under Article 3930, Vernon's Civil Statutes, you have asked certain

-777-

questions:

(1) "Filing each paper, except subpoenas
and other process                                        $ .25"

Under this item you have inquired whether the charge
of 25¢ is applicable to the filing of bonds, orders, final
decrees, charge of court, verdict of jury, petition with
several exhibits attached, and exhibits presented separate-
ly. These seven items are complete in themselves, and would
each carry a 25¢ filing fee.

You have also asked under (1) if citations and the re-
turns thereon, and other writs and returns are exempt from
filing charges. Citations and writs, together with returns
thereon are process, and thus exempt from any filing charge
under this fee item.

(2) "Issuing each citation including
copy thereof                                             $1.25"

Under this item, you have asked of the following charges
are correct:

Issuing citation and 1 copy for 1 defendant      $1.25
Issuing citation and 2 copies for 2 defend-
ants                                             $2.50

These charges are correct since separate citation is
required for each defendant.

(3) "Recording return of any writ, when
each return is required by law to
be recorded                                           $ .50"

Under this item you have inquired whether the returns
on writs of sequestration, attachment and garnishment are
exempt from such charge. The law requires such writs to be
recorded in order to be effective, therefore the returns are
not exempt from the recording charge.

(4) "Recording, transcribing or copying
all papers or records required or
permitted by law to be recorded,
transcribed or copied, with or with-
out certificate or seal, for each
100 words, not otherwise provided
for                                                   $ .20"

You have asked whether the above shown fee provision authorizes a recording charge for petitions, citations, answers, motions, exhibits, bonds, subpoenas, writs, verdict of the jury, and orders of court (not final).

There is nothing in the statutes that would require recording petitions, citations, answers, motions, exhibits, bonds, subpoenas, writs, or verdict of the jury. Such documents are filed and remain in the clerk's files but are not recorded. No recording fee may be charged for these items.

It is well settled that all orders of the court, final or not final, must be entered of record. Ex parte Rains, 113 Tex. 428, 257 S.W. 217 (1923). Thus, a recording fee is proper under this item for orders of the court (not final) since final orders of the court are charged under another fee item.

Recording the return on a writ is provided for in (3) supra.

(5)  You ask whether all of Article 3930, Vernon's Civil Statutes (the old law) has been superseded by the 1957 amendment to Article 3930. The answer is yes, the reasons having been already discussed.

Your other fee statute questions being dependent upon a negative answer to (5), there is no necessity of answering them.

You have further asked for the opinion of this office as to whether the provisions of Article 3926, Section 2, Vernon's Civil Statutes, apply to the judges of the Harris County Courts at Law. The applicable portion of this statute is quoted:

> "2.  . . . For each civil cause finally
> disposed of by him by trial or otherwise,
> Five Dollars ($5), to be taxed against the
> party cast in the suit; . . ."

The first Harris County Court at Law was created in 1911, by Article 1970-76, Vernon's Civil Statutes. At that time, Article 1970-90 provided that the judge of the County Court at Law was to receive a certain salary, and ". . . shall collect the same fees as are now established by law relating to county judges, . . ." In 1929 Article 1970-90 was amended to provide a salary increase for the judge of the County Court at Law, and the fee provision was omitted. Since that time several additional County Courts at Law have been created in Harris County, and the legislative enactments have uniformly omitted the fee

provision.

It is interesting to note that many other counties have been provided with County Courts at Law (El Paso, Bexar, Tarrant, Dallas, Travis, Lubbock, Hidalgo, Nueces, Galveston, Taylor, Ector, Nolan, McLennan, Cameron, Potter), and that each of these courts is directed to collect the same fees as the regular county judge. Harris County is the only one wherein the judges of the County Courts at Law are not specifically directed to collect fees. It is fairly clear that what we have here is a perpetuated omission. Nevertheless, this office may not read back into the law that which has been omitted so many times and over so many years.

A provision regarding collection of fees must be strictly construed. This office must hold that, since the statutes creating the Harris County Courts at Law (Articles 1970-76, et seq.) do not contain a provision authorizing the collection of fees under Article 3926, such fees may not be collected.

### S U M M A R Y

The 1957 amendment to Article 3930, Vernon's Civil Statutes, completely supplants the former county clerk fee statute.

The judge of the County Court at Law of Harris County may not collect the fees generally authorized to be collected by county judges.

Yours very truly,

WAGGONER CARR
Attorney General

By _____
Malcolm L. Quick
Assistant Attorney General

MLQ:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Bill Allen
Linward Shivers
Robert Davis
Jack Norwood

APPROVED FOR THE ATTORNEY GENERAL
By:   Stanton Stone