In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00130-CR


______________________________




JAMES WILLIAM SHAW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 155th Judicial District Court


Waller County, Texas


Trial Court No. 97-12-9226




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 James William Shaw appeals his conviction of aggravated sexual assault. A jury
found Shaw guilty and assessed eight years' imprisonment, but recommended the
imposition of punishment be suspended and Shaw placed on community supervision for
five years. 

 Shaw contends the trial court erred in: 1) denying his motion for dismissal for failure
to provide a speedy trial; 2) ruling that the disposition of prior charges was inadmissible;
and 3) admitting a note by the alleged victim into evidence. Shaw further contends the
evidence is both legally and factually insufficient to support the conviction.

 The jury convicted Shaw of the January 19, 1997, aggravated sexual assault of J.B.,
who was eight years old at the time. The State presented evidence that, on January 19,
Shaw attended J.B.'s brother's birthday party at the home in which J.B. resided. Shaw left
the party in the living room and went down the hall to the bathroom. J.B. testified Shaw
exited the bathroom, crossed the hall into her room, removed her panties, and fondled and
licked her vagina. J.B.'s parents, David Boomer, Sr. and Bonnie Boomer, David Boomer,
Jr., and Morgan Alewine all testified Shaw left the party, went down the hall, and returned. 
The testimony differs as to how long Shaw was gone. Morgan testified she saw Shaw go
into the bathroom, but did not see him go into J.B.'s bedroom. None of the other witnesses
saw exactly where Shaw went, just that he went down the hall. The State offered no
scientific evidence or expert testimony. 

 The grand jury indicted Shaw on one count of aggravated sexual assault occurring
on or about January 19, 1997; two counts of indecency with a child occurring on or about
February 28, 1997; and two counts of indecency with a child occurring on or about
March 5, 1997, all involving the same alleged victim, J.B. Tex. Pen. Code Ann. §§ 21.11,
22.021 (Vernon Supp. 2002). The State first tried Shaw before a jury on March 18, 1998,
on the aggravated sexual assault charge, one of the February 28 indecency with a child
counts, and one of the March 5 indecency with a child counts. The State dismissed the
other two counts of indecency with a child before trial. The jury acquitted Shaw of the two
remaining counts of indecency with a child, but could not reach a verdict on the aggravated
sexual assault charge. The trial court declared a mistrial on this charge. This appeal is
from the second trial on the aggravated sexual assault charge. This second trial began
February 23, 2001, after having been originally set for August 24, 1998. 

 In his first point of error, Shaw contends the trial court erred in denying his motion
for dismissal for failure to provide a speedy trial. Under the United States and Texas
Constitutions, every defendant has the right to a speedy trial. U.S. Const. amend. VI; Tex.
Const. art. 1, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 1977). 

 Since 1972 United States Supreme Court precedent has required courts to
analyze federal constitutional speedy trial claims "on an ad hoc basis" by
weighing and then balancing four factors: (1) length of the delay, (2) reason
for the delay, (3) assertion of the right, and (4) prejudice to the accused.

 

State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999); see Barker v. Wingo, 407
U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Barker balancing test requires
weighing case by case "the conduct of both the prosecution and the defendant." Barker,
407 U.S. at 530. No single Barker factor is a "necessary or sufficient condition to the
finding" of a speedy trial violation. Id. at 533. The "related" Barker factors "must be
considered together with such other circumstances as may be relevant." Id.

 The proper standard of review of the trial court's decision on a claim of the right to
a speedy trial is a bifurcated standard of review. Munoz, 991 S.W.2d at 821; see Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When using a bifurcated standard of
review, we use an abuse of discretion standard for the factual components and a de novo
standard for the legal components of the trial court's decision. Munoz, 991 S.W.2d at 821. 
In appealing the instant case, we further note, Shaw does not dispute the evidence nor
does he argue the trial court misinterpreted the evidence and thereby arrived at
unsupported factual determinations. Rather, Shaw contends the facts of this case reflect
a denial of a speedy trial. We therefore will conduct a de novo review.

 The length of delay is a "triggering mechanism" for analysis of the other Barker
factors. Barker, 407 U.S. at 530. "Until there is some delay which is presumptively
prejudicial, there is no necessity for inquiry into the other [Barker] factors that go into the
balance." Id. "Presumptive prejudice" does not "necessarily indicate a statistical
probability of prejudice; it simply marks the point at which courts deem the delay
unreasonable enough to trigger the Barker enquiry." Doggett v. United States, 505 U.S.
647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). 

Length of Delay


 The length of the delay is considered a "triggering" mechanism for the analysis of
the other Barker factors. Munoz, 991 S.W.2d at 821-22. The delay is measured from the
time the defendant is formally accused or arrested. United States v. Marion, 404 U.S. 307,
320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); Harris v. State, 827 S.W.2d 949, 956 (Tex.
Crim. App. 1992); Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985); Jones v.
State, 944 S.W.2d 50, 53 (Tex. App.-Texarkana 1997, pet. ref'd). Delays of two years and
three months (Hull, 699 S.W.2d at 221), seventeen months (Munoz, 991 S.W.2d at 822),
and twenty-three months (Meyer v. State, 27 S.W.3d 644, 648-49 (Tex. App.-Waco 2000,
pet. ref'd)), have been held sufficient to trigger the analysis of other Barker factors. This
Court has determined that any delay over eight months is presumptively unreasonable, i.e.,
triggers consideration of other factors. Jones, 944 S.W.2d at 53. 

 The indictment on which Shaw was tried was file stamped December 10, 1997. 
Shaw's second trial began in February 2001, more than thirty-seven months after
indictment. The case was initially tried in March 1998, resulting in an acquittal and a
mistrial. The second trial was not held for another thirty-five months. This delay is more
than sufficient to warrant consideration of the other Barker factors.


Reason(s) for the Delay

 Barker discusses three categories of delay and their effect on the court's
determination: 1) deliberate attempts by the prosecution to delay the trial in order to
hamper the defense are weighed heavily against the prosecution; 2) more neutral reasons,
such as negligence by the state, or overcrowded dockets, are weighed less heavily against
the prosecution, but are still considered because the ultimate responsibility for these
circumstances lies with the state, not the defendant; and 3) valid reasons for delay, such
as a missing witness. Barker, 407 U.S. at 531; see Guajardo v. State, 999 S.W.2d 566,
569-70 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Of course, delay caused by
actions of the defendant is not counted against the prosecution. Steinmetz v. State, 968
S.W.2d 427, 434 (Tex. App.-Texarkana 1998, no pet.). An accused may lose entitlement
to the speedy trial safeguard when she or he shares responsibility for the delay. Munoz,
991 S.W.2d at 822; Love v. State, 909 S.W.2d 930, 947 (Tex. App.-El Paso 1995, pet.
ref'd). The burden of excusing the delay rests with the state, and if the record is silent or
contains insufficient reasons to excuse the delay, it must be presumed that no valid reason
for delay existed. Turner v. State, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976); State
v. Hernandez, 830 S.W.2d 631, 634 (Tex. App.-San Antonio 1992, no pet.).

 At the hearing on the motion to dismiss, the State advanced two reasons for the
delay. First, the State argued that the delay was caused by the numerous continuances
filed by Shaw since the end of the first trial, and second, that the dockets were crowded
and the case was not reached. The State presented no evidence of the overcrowding of
the docket, and overcrowded dockets are weighed against the prosecution, although less
heavily than deliberate acts by the prosecution. Barker, 407 U.S. at 531.

 On August 21, 1998, Shaw filed a motion for continuance stating he had not
received the transcript from the first trial, which ended in March 1998, despite having paid
for the transcript and requesting the transcript the last day of the first trial. Attached to the
motion was an affidavit from the court reporter stating Shaw had paid for the transcript but,
due to her workload, she would not be able to complete the record before September 30,
1998. The trial court granted the motion and reset the trial for October 13, 1998. This is
the only motion for continuance contained in the record. Although a delay which is
attributable in whole or in part to the defendant may constitute waiver of a speedy trial, we
hold that Shaw, in filing the August 21 motion for continuance, did not waive his right to a
speedy trial. See Barker, 407 U.S. at 530; see also Dickey v. Florida, 398 U.S. 30, 47-48,
90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring). It cannot be said that
Shaw's request for a continuance was unreasonable, calculated to delay, or that his reason
for not being ready for the August 1998 setting was through any fault of his own. Rather,
under these circumstances, Shaw's need to file a motion for continuance should be
factored against the State. The court reporter stated she was too busy to complete the
transcript. The courts have control over the court reporters, and the ultimate responsibility
for this circumstance lies with the state, not the defendant. 

 At the hearing on the motion to dismiss, Shaw's counsel confirmed he had once
informally agreed to continue the trial setting because one of his witnesses, Shaw's
mother, was in the hospital. Because this was a delay in which Shaw acquiesced, it should
not be counted against the prosecution. However, the record is unclear as to when this
agreed continuance occurred or how long it lasted. 

 Based on entries made on the court's docket sheet September 21, 1998, the case
was reset for a pretrial hearing January 4, 1999, and for jury trial January 11, 1999. (1) No
reason was given for this continuance. The next entry on the docket sheet is dated April 5,
1999, and again merely states pretrial is reset for July 6, 1999, and jury trial for July 12,
1999. The next entry is dated October 4, 1999, and shows that Shaw appeared with
counsel and that the court again, without indicating a reason, reset the case for a pretrial
hearing and jury trial January 4, 2000, and January 11, 2000. On January 4, 2000, Shaw
appeared with counsel and the court reset the jury trial for January 31, 2000. The next
entry is dated April 4, 2000, when the court reset the case for a pretrial hearing and for jury
trial on June 26, 2000, and July 10, 2000, respectively. The next entry is not until
February 16, 2001, the date the second trial began. Nothing in the clerk's record indicates
the reasons for resetting the second trial except the August 21, 1998, motion for
continuance. The only valid reason in the record for the delay of the second trial is an
informal agreement to continue the trial because a witness was in the hospital, but the
record is silent as to when this agreement occurred and how long the continuance was to
last. The State has provided no other valid reason for the six delays in setting the case for
the second trial. The record before us provides insufficient reasons to excuse the delay,
and we must therefore presume that no valid reason existed. Turner, 545 S.W.2d at
137-38; Hernandez, 830 S.W.2d at 634.

Assertion of Accused's Right to Speedy Trial

 On August 29, 2000, Shaw filed a motion to dismiss the charge for failure to grant
a speedy trial. The hearing on this motion did not occur until February 23, 2001, the first
day of the second trial. Although a motion to dismiss notifies the state and the court of the
speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt
trial is clearly relevant and may sometimes attenuate the strength of such defendant's
claim. McCarty v. State, 498 S.W.2d 212, 216 (Tex. Crim. App. 1973). 

 "This is not to say, however, that asking only for dismissal will result in a 'waiver,'
while seeking a speedy trial and, in the alternative, a dismissal, would preserve the claim." 
Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. [Panel Op.] 1983). In some cases,
defense counsel may legitimately feel that a long delay has caused a client so much
prejudice that dismissal is warranted, even if the state is belatedly ready to move promptly. 
Each case must turn on its own facts, and the particular relief a defendant seeks is but one
fact to consider. Id.

 In this case, the second trial was originally set within six months of the end of the
first trial. This setting was delayed at Shaw's request because the court reporter had not
finished the transcript from the first trial. After this postponement, there is no indication in
the record as to the reasons for the further delays except for the attorney's statements at
the hearing on the motion that Shaw informally agreed to a continuance for an unspecified 
amount of time because a witness was in the hospital. 

 Shaw never moved for a speedy trial; only to dismiss for failure to grant a speedy
trial. His case was continually set, and there are no long periods of inactivity in the case
between the settings by the trial court. According to the docket sheet entries, when each
setting got close, the trial court reset for a later date. This is not a case where the court
failed to give a timely trial setting, but one where the trial kept being delayed. There is no
evidence Shaw attempted to delay the trial or took advantage of the delays. See id. at 403
("By moving to dismiss the indictment, appellant did bring his claim to the attention of the
trial court and the State; we find no evidence that appellant himself was taking advantage
of the delay."). We find that Shaw properly asserted his right to a speedy trial and that he
properly brought that claim to the attention of the trial court.


Prejudice to the Accused

 The last Barker factor is "prejudice to the defendant." Barker, 407 U.S. at 532. This
prejudice is assessed "in the light of the interests" which "the speedy trial right [is] designed
to protect." Id. These interests are: 1) preventing oppressive pretrial incarceration;
2) minimizing anxiety and concern of the accused; and 3) limiting the possibility that the
defense will be impaired. Id. Of these, "the most serious is the last, because the inability
of a defendant adequately to prepare his case skews the fairness of the entire system." 
Id. 

 A defendant has the burden to make some showing of "prejudice," although a
showing of "actual prejudice" is not required. Munoz, 991 S.W.2d at 826; Harris v. State,
489 S.W.2d 303, 308 (Tex. Crim. App. 1973); see also Chapman v. Evans, 744 S.W.2d
133, 137 (Tex. Crim. App. 1988). When a defendant makes a "prima facie showing of
prejudice," the state carries "the obligation of proving that the accused suffered no serious
prejudice beyond that which ensued from the ordinary and inevitable delay." Ex parte
McKenzie, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973). 

 The first time Shaw raises any contention of prejudice is in his brief. Shaw's motion
to dismiss alleges that the undue delay has prejudiced him by causing mental anguish, but
does not go beyond this bald assertion. There are no specifics set out in the motion, and
there is no attached affidavit from Shaw stating how he has suffered mental anguish. At
the hearing on the motion, Shaw did not mention any prejudice he may have suffered. 
There is no evidence presented by Shaw that he suffered any prejudice as a result of the
delay. Shaw failed to meet his burden of showing prejudice. 

 Even though Shaw failed to show prejudice, no single Barker factor is a "necessary
or sufficient condition to the finding" of a speedy trial violation. Barker, 407 U.S. at 533. 
We consider the "related" Barker factors, together with such other circumstances as may
be relevant. Id. In this case, the thirty-five-month delay from the first trial to the second
was unreasonable and excessive. Although the delay may not have been intentional, the
State offered "no tenable reason" for it. By moving to dismiss the indictment, Shaw
asserted his right to a speedy trial. The trial court erred in denying this motion. We sustain
Shaw's first point of error.

 Because Shaw's first issue is dispositive of the case, we need not address his
remaining points of error. 

 The judgment is reversed and rendered.




 Donald R. Ross

 Justice 


Date Submitted: May 29, 2002

Date Decided: June 14, 2002


Do Not Publish

1. Generally, docket sheets are not evidence. Rodriguez v. State, 834 S.W.2d 592,
595 (Tex. App.-Houston [1st Dist.]), pet. granted in part & ref'd in part; remanded in part
on other grounds, 844 S.W.2d 744 (Tex. 1992). However, "[a] docket entry may supply
facts in certain situations, but it cannot be used to contradict or prevail over a final judicial
order. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (citing Matthews v. Looney,
132 Tex. 313, 123 S.W.2d 871 (1939); Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377,
110 S.W.2d 561 (1937); Ex parte Rains, 113 Tex. 428, 257 S.W. 217, 220 (1923); Stark
v. Miller, 63 Tex. 164 (1885)).