In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00184-CR
______________________________


TOMMY RAY YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 18,578-2004


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Tommy Ray Young appeals from his conviction by the trial court for attempted murder. 
Young's punishment was enhanced as a habitual offender. The trial court sentenced Young to
thirty-five years' imprisonment. We dismiss Young's appeal for want of jurisdiction.
            The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case "[i]s a
plea-bargain case, and the Defendant has NO right of appeal." Rule 25.2(a)(2) states, in pertinent
part: 
            (2) . . . A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order.
Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right to appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. 
            On December 28, 2005, we informed Young, by letter, of this apparent defect in our
jurisdiction and informed him that, if he did not show us how we have jurisdiction, within ten days
of the letter, his appeal would be subject to dismissal for want of jurisdiction. Young has now
requested an extension of thirty days to file a response to our letter. The motion for extension
contains no explanation of the need for an extension. We overrule Young's motion for extension.
            We dismiss the appeal for want of jurisdiction.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 11, 2006
Date Decided:             January 12, 2006

Do Not Publish



 discusses three categories of delay and their effect on the court's
determination: 1) deliberate attempts by the prosecution to delay the trial in order to
hamper the defense are weighed heavily against the prosecution; 2) more neutral reasons,
such as negligence by the state, or overcrowded dockets, are weighed less heavily against
the prosecution, but are still considered because the ultimate responsibility for these
circumstances lies with the state, not the defendant; and 3) valid reasons for delay, such
as a missing witness. Barker, 407 U.S. at 531; see Guajardo v. State, 999 S.W.2d 566,
569-70 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Of course, delay caused by
actions of the defendant is not counted against the prosecution. Steinmetz v. State, 968
S.W.2d 427, 434 (Tex. App.-Texarkana 1998, no pet.). An accused may lose entitlement
to the speedy trial safeguard when she or he shares responsibility for the delay. Munoz,
991 S.W.2d at 822; Love v. State, 909 S.W.2d 930, 947 (Tex. App.-El Paso 1995, pet.
ref'd). The burden of excusing the delay rests with the state, and if the record is silent or
contains insufficient reasons to excuse the delay, it must be presumed that no valid reason
for delay existed. Turner v. State, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976); State
v. Hernandez, 830 S.W.2d 631, 634 (Tex. App.-San Antonio 1992, no pet.).

 At the hearing on the motion to dismiss, the State advanced two reasons for the
delay. First, the State argued that the delay was caused by the numerous continuances
filed by Shaw since the end of the first trial, and second, that the dockets were crowded
and the case was not reached. The State presented no evidence of the overcrowding of
the docket, and overcrowded dockets are weighed against the prosecution, although less
heavily than deliberate acts by the prosecution. Barker, 407 U.S. at 531.

 On August 21, 1998, Shaw filed a motion for continuance stating he had not
received the transcript from the first trial, which ended in March 1998, despite having paid
for the transcript and requesting the transcript the last day of the first trial. Attached to the
motion was an affidavit from the court reporter stating Shaw had paid for the transcript but,
due to her workload, she would not be able to complete the record before September 30,
1998. The trial court granted the motion and reset the trial for October 13, 1998. This is
the only motion for continuance contained in the record. Although a delay which is
attributable in whole or in part to the defendant may constitute waiver of a speedy trial, we
hold that Shaw, in filing the August 21 motion for continuance, did not waive his right to a
speedy trial. See Barker, 407 U.S. at 530; see also Dickey v. Florida, 398 U.S. 30, 47-48,
90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (Brennan, J., concurring). It cannot be said that
Shaw's request for a continuance was unreasonable, calculated to delay, or that his reason
for not being ready for the August 1998 setting was through any fault of his own. Rather,
under these circumstances, Shaw's need to file a motion for continuance should be
factored against the State. The court reporter stated she was too busy to complete the
transcript. The courts have control over the court reporters, and the ultimate responsibility
for this circumstance lies with the state, not the defendant. 

 At the hearing on the motion to dismiss, Shaw's counsel confirmed he had once
informally agreed to continue the trial setting because one of his witnesses, Shaw's
mother, was in the hospital. Because this was a delay in which Shaw acquiesced, it should
not be counted against the prosecution. However, the record is unclear as to when this
agreed continuance occurred or how long it lasted. 

 Based on entries made on the court's docket sheet September 21, 1998, the case
was reset for a pretrial hearing January 4, 1999, and for jury trial January 11, 1999. (1) No
reason was given for this continuance. The next entry on the docket sheet is dated April 5,
1999, and again merely states pretrial is reset for July 6, 1999, and jury trial for July 12,
1999. The next entry is dated October 4, 1999, and shows that Shaw appeared with
counsel and that the court again, without indicating a reason, reset the case for a pretrial
hearing and jury trial January 4, 2000, and January 11, 2000. On January 4, 2000, Shaw
appeared with counsel and the court reset the jury trial for January 31, 2000. The next
entry is dated April 4, 2000, when the court reset the case for a pretrial hearing and for jury
trial on June 26, 2000, and July 10, 2000, respectively. The next entry is not until
February 16, 2001, the date the second trial began. Nothing in the clerk's record indicates
the reasons for resetting the second trial except the August 21, 1998, motion for
continuance. The only valid reason in the record for the delay of the second trial is an
informal agreement to continue the trial because a witness was in the hospital, but the
record is silent as to when this agreement occurred and how long the continuance was to
last. The State has provided no other valid reason for the six delays in setting the case for
the second trial. The record before us provides insufficient reasons to excuse the delay,
and we must therefore presume that no valid reason existed. Turner, 545 S.W.2d at
137-38; Hernandez, 830 S.W.2d at 634.

Assertion of Accused's Right to Speedy Trial

 On August 29, 2000, Shaw filed a motion to dismiss the charge for failure to grant
a speedy trial. The hearing on this motion did not occur until February 23, 2001, the first
day of the second trial. Although a motion to dismiss notifies the state and the court of the
speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt
trial is clearly relevant and may sometimes attenuate the strength of such defendant's
claim. McCarty v. State, 498 S.W.2d 212, 216 (Tex. Crim. App. 1973). 

 "This is not to say, however, that asking only for dismissal will result in a 'waiver,'
while seeking a speedy trial and, in the alternative, a dismissal, would preserve the claim." 
Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. [Panel Op.] 1983). In some cases,
defense counsel may legitimately feel that a long delay has caused a client so much
prejudice that dismissal is warranted, even if the state is belatedly ready to move promptly. 
Each case must turn on its own facts, and the particular relief a defendant seeks is but one
fact to consider. Id.

 In this case, the second trial was originally set within six months of the end of the
first trial. This setting was delayed at Shaw's request because the court reporter had not
finished the transcript from the first trial. After this postponement, there is no indication in
the record as to the reasons for the further delays except for the attorney's statements at
the hearing on the motion that Shaw informally agreed to a continuance for an unspecified 
amount of time because a witness was in the hospital. 

 Shaw never moved for a speedy trial; only to dismiss for failure to grant a speedy
trial. His case was continually set, and there are no long periods of inactivity in the case
between the settings by the trial court. According to the docket sheet entries, when each
setting got close, the trial court reset for a later date. This is not a case where the court
failed to give a timely trial setting, but one where the trial kept being delayed. There is no
evidence Shaw attempted to delay the trial or took advantage of the delays. See id. at 403
("By moving to dismiss the indictment, appellant did bring his claim to the attention of the
trial court and the State; we find no evidence that appellant himself was taking advantage
of the delay."). We find that Shaw properly asserted his right to a speedy trial and that he
properly brought that claim to the attention of the trial court.


Prejudice to the Accused

 The last Barker factor is "prejudice to the defendant." Barker, 407 U.S. at 532. This
prejudice is assessed "in the light of the interests" which "the speedy trial right [is] designed
to protect." Id. These interests are: 1) preventing oppressive pretrial incarceration;
2) minimizing anxiety and concern of the accused; and 3) limiting the possibility that the
defense will be impaired. Id. Of these, "the most serious is the last, because the inability
of a defendant adequately to prepare his case skews the fairness of the entire system." 
Id. 

 A defendant has the burden to make some showing of "prejudice," although a
showing of "actual prejudice" is not required. Munoz, 991 S.W.2d at 826; Harris v. State,
489 S.W.2d 303, 308 (Tex. Crim. App. 1973); see also Chapman v. Evans, 744 S.W.2d
133, 137 (Tex. Crim. App. 1988). When a defendant makes a "prima facie showing of
prejudice," the state carries "the obligation of proving that the accused suffered no serious
prejudice beyond that which ensued from the ordinary and inevitable delay." Ex parte
McKenzie, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973). 

 The first time Shaw raises any contention of prejudice is in his brief. Shaw's motion
to dismiss alleges that the undue delay has prejudiced him by causing mental anguish, but
does not go beyond this bald assertion. There are no specifics set out in the motion, and
there is no attached affidavit from Shaw stating how he has suffered mental anguish. At
the hearing on the motion, Shaw did not mention any prejudice he may have suffered. 
There is no evidence presented by Shaw that he suffered any prejudice as a result of the
delay. Shaw failed to meet his burden of showing prejudice. 

 Even though Shaw failed to show prejudice, no single Barker factor is a "necessary
or sufficient condition to the finding" of a speedy trial violation. Barker, 407 U.S. at 533. 
We consider the "related" Barker factors, together with such other circumstances as may
be relevant. Id. In this case, the thirty-five-month delay from the first trial to the second
was unreasonable and excessive. Although the delay may not have been intentional, the
State offered "no tenable reason" for it. By moving to dismiss the indictment, Shaw
asserted his right to a speedy trial. The trial court erred in denying this motion. We sustain
Shaw's first point of error.

 Because Shaw's first issue is dispositive of the case, we need not address his
remaining points of error. 

 The judgment is reversed and rendered.




 Donald R. Ross

 Justice 


Date Submitted: May 29, 2002

Date Decided: June 14, 2002


Do Not Publish

1. Generally, docket sheets are not evidence. Rodriguez v. State, 834 S.W.2d 592,
595 (Tex. App.-Houston [1st Dist.]), pet. granted in part & ref'd in part; remanded in part
on other grounds, 844 S.W.2d 744 (Tex. 1992). However, "[a] docket entry may supply
facts in certain situations, but it cannot be used to contradict or prevail over a final judicial
order. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (citing Matthews v. Looney,
132 Tex. 313, 123 S.W.2d 871 (1939); Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377,
110 S.W.2d 561 (1937); Ex parte Rains, 113 Tex. 428, 257 S.W. 217, 220 (1923); Stark
v. Miller, 63 Tex. 164 (1885)).